FILED COPY

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
JENNIFER WHITE-SPERLING, State Bar No. 166504
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel:  949.399.7000
Fax:  949.399.7001
Email: cgonell@morganlewis.com
       jwhite-sperling@morganlewis.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK N.A., and DOES 1 through 25,<br><br>Defendants. | Case No. **SACV09- 918 JVS (RNBx)**<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>Complaint Filed:     July 6, 2009<br>Trial Date:          None Set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63445074.3

DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. Removal is based on the following grounds:

1.    On or about July 6, 2009, Plaintiff Roy Kaminske ("Plaintiff" or "Kaminske") instituted this civil action in the Superior Court of the State of California, County of Orange, with the assigned case number being 30-2009-00180146 against JPMorgan Chase Bank, N.A and Does 1 though 25. A true and correct copy of Plaintiff's Complaint ("Complaint") and associated documents that were served with the Complaint is attached hereto as Exhibit A.

2.    The Complaint was served upon Defendant's registered agent on July 8, 2009.

3.    This lawsuit was brought by a putative representative on behalf of five proposed classes of individuals.

4.    On August 7, defendant filed an Answer to the Complaint. A true and correct copy of Defendant's Answer is attached hereto as Exhibit B.

**I.    TIMELY REMOVAL**

5.    Because this Notice of Removal is filed within thirty (30) days from July 8, 2009, the date upon which service of the Complaint was effectuated, it is timely under 28 U.S.C. §§1441(a) and 1446(b). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.    SUBJECT MATTER JURISDICTION**

6.    This action could have been originally filed in this Court under 28 U.S.C. § 1331 because it includes a claim arising under the laws of the United

1   States, *i.e.,* the Fair Labor Standards Act.  Removal is therefore proper pursuant to
2   28 U.S.C. § 1446.

3   **III.   A FEDERAL QUESTION IS ALLEGED IN THE COMPLAINT**

4   7.   This action is one over which this Court has original jurisdiction under
5   28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441.

6   8.   Federal question jurisdiction exists under Section 1331 where the
7   Complaint asserts a claim "arising under the Constitution, laws, or treaties of the
8   United States."  *See* 28 U.S.C. § 1331; *Ethridge v. Harbor House Restaurant*, 861
9   F.2d 1389, 1393-94 (9th Cir. 1988). "When a plaintiff's complaint relies on federal
10  law as the source of recovery, it is obvious that the case 'arises under' federal law
11  and therefore may be removed to federal court." *Ethridge,* 861 F.2d at 1394.  The
12  presence or absence of federal-question jurisdiction is governed by the "well-
13  pleaded" complaint rule, which provides that federal jurisdiction exists "when a
14  federal question is presented on the face of the plaintiff's properly pleaded
15  complaint." *Id.* at 1394.

16  9.   Here, the fourth cause of action in the Complaint alleges that
17  Defendant's actions were in violation of the Federal Fair Labor Standards Act
18  ("FLSA"), 29 U.S.C. § 201 et seq., because Defendant allegedly failed to pay
19  Plaintiff and the putative class members overtime wages.  Exhibit A, Complaint ¶¶
20  23-24.  Consequently, it raises a "substantial federal claim, because it seeks to
21  enforce duties imposed by the FLSA to pay overtime compensation." *Havel v.*
22  *SunAmerica Securities, Inc.*, 2006 WL 2917591 (N.D. Cal. 2006) (denying
23  plaintiff's motion to remand where plaintiff sought restitution under Business &
24  Professions Code § 17200 for the alleged violation of the FLSA because the only
25  reason the business practice was "unlawful" was because it constituted a violation
26  of the FLSA); *Breuer v. Jim's Concrete of Brevard*, Inc., 538 U.S. 691, 693-94
27  (2003) (holding that there is "no question" that FLSA provides basis for removal
28  jurisdiction); *see also Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1208, 1211 (S.D. Cal. 2003) (outlining the requirements for asserting federal jurisdiction in cases where a federal violation is pled under the auspices of a state cause of action); *Sparta Surgical v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1211 (9th Cir. 1998) (holding that because the complaint sought relief based upon a violation of rules promulgated by an agency under the federal securities laws, subject matter jurisdiction was vested in the federal district court).

10.   Here, on behalf of Class IV, Plaintiff has "pled" alleged violations of the FLSA as a state law claim for the restitution of overtime wages under California Business & Professions Code § 17200. Exhibit A, Complaint ¶ 25. This attempt to engraft a state law remedy on alleged violations of a federal law does not change the fact that the claim is necessarily federal in character, and Plaintiff's right to relief depends entirely on the resolution of whether Defendant violated the FLSA.

11.   The federal question – the purported violation of the FLSA – in Plaintiff's fourth cause of action is "substantial," because the vindication of the purported state law right embodied in California Business and Professions Code Section 17200 "necessarily turn(s) on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Moreover, claims under the FLSA are clearly within a class of cases "for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814. Indeed, an employer's obligations under the FLSA can be enforced through a direct private right of action under federal law. *See* 29 U.S.C. § 216(b) (authorizing awards of unpaid overtime, "liquidated" damages, and attorneys' fees). The availability of a direct federal right of action demonstrates that the FLSA issue in this case is a "substantial" federal question "arising under" the laws of the United States. *See id.* (determining the presence of a "substantial" federal question in state-law tort claim based on availability of a private right of action under federal law).

## IV.   VENUE

12.   Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.   NOTICE

13.   Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Chase respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California, Santa Ana Division, and that all future proceedings in this matter take place in the United States District Court for the Central District of California, Santa Ana Division.

Dated:  August 7, 2009                    MORGAN, LEWIS & BOCKIUS LLP


By _____
Jennifer White-Sperling
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63445074.3                                4                    DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT "A"

**CT Corporation**

**Service of Process Transmittal**
07/08/2009
CT Log Number 515110837

| | |
|---|---|
| **TO:** | Carl Del Vecchio<br>JPMorgan Chase Bank, N.A.<br>1 Chase Manhattan Plaza - 20th Floor, Legal Department<br>New York, NY 10081- |
| **RE:** | **Process Served in California** |
| **FOR:** | JPMorgan Chase Bank, N.A. (Domestic State: N/A) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roy Kaminske, individually and on behalf of other members of the general public similarly situated, Pltf. vs. JP Morgan Chase Bank N.A., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30200900180146 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay reimbursement and overtime, and failure to provide itemized statements of employees' pay |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/08/2009 at 14:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Gould<br>Gould & Associates<br>17822 E. 17th Street, Suite 106<br>Tustin, CA 92780<br>714-669-2850 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/08/2009, Expected Purge Date: 07/13/2009<br>Telephone, Julie Lepri , 312-732-7354<br>Image SOP<br>Email Notification, Julie Lepri julie.lepri@jpmchase.com<br>CC Recipient(s)<br>Teresa Goldberg, via Customer Pick-up<br>Legal Papers Served, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / CH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit **A** Page **1**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JP MORGAN CHASE BANK N.A., and DOES 1 through 25,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> # FILED
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF ORANGE
> CENTRAL JUSTICE CENTER
>
> ## JUL 06 2009
>
> ALAN CARLSON, Clerk of the Court
>
> BY ___C. PEDRAZA___ ,DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROY KAMINSKE, individually, and on behalf of other
members of the general public similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locale 30-2009*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
751 West Santa Ana Blvd.

Santa Ana, California 92701
Civil Complex Center

| CASE NUMBER: |
| --- |
| *(Número del Caso:)* 0 0 1 8 0 1 4 6 |
| JUDGE RONALD L. BAUER |
| DEPT. CX103 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Gould                 (714) 669-2850  (714) 544-0800
GOULD & ASSOCIATES
17822 E. 17th Street, Suite 106
Tustin Ca, 92780
DATE:                                          Clerk, by      CECILIA PEDRAZA
*(Fecha)* JUL 06 2009  ALAN CARLSON   *(Secretario)*                        , Deputy
                                                                            *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* J.P. Morgan Chase Bank N.A

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Co. Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit ___A___ Page ___2___

1  Michael A. Gould, Esq.  (SBN 151851)
2  Aarin A. Zeif (SBN 247088)
   GOULD & ASSOCIATES
3  A Professional Law Corporation
   17822 E. 17th Street, Suite 106
4  Tustin, California 92780
   Telephone:  (714) 669-2850
5  Facsimile:  (714) 544-0800

6  Richard A. Jones (SBN 117679)
7  Law Offices of Richard A. Jones
   1820 E. 17th Street
8  Santa Ana, California 92705
   Telephone: (714) 480-0200
9  Facsimile: 714-480-0423

10  Attorneys for Plaintiff,
    Roy Kaminske, individually, and on behalf of other members
11  of the general public similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 06 2009**

ALAN CARLSON, Clerk of the Court

BY _____C. PEDRAZA_____, DEPUTY

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE ___ OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

30-2009

ROY KAMINSKE, individually, and on
behalf of other members of the general
public similarly situated,

       Plaintiff,

    v.

JP MORGAN CHASE BANK N.A., and
DOES 1 through 25,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:   **0 0 1 8 0 1 4 6**

**CLASS ACTION COMPLAINT FOR
DAMAGES FOR:**

1. **FAILURE TO PAY REIMBURSEMENT**
   (Violation of *Cal. Labor Code* §§ 221
   and 2802);

2. **FAILURE TO PROVIDE ITEMIZED
   STATEMENT TO EMPLOYEE**
   (Violation of *Cal. Labor Code* § 226);

3. **FAILURE TO PAY UPON
   TERMINATION OR QUITTING
   EMPLOYEE** (Violation of *Cal. Labor
   Code* §§ 201, 202, 203);

4. **RESTITUTION FOR OVERTIME
   WAGES** (*Business and Professions Code*
   § 17200 et seq.);

**JUDGE RONALD L. BAUER**
**DEPT. CX103**

- 1 -
CLASS ACTION COMPLAINT FOR DAMAGES

Exhibit **A**   Page **3**

1
2
3
4

)   5.   **UNFAIR BUSINESS PRACTICES**
)       **(Violation of *Business and Professions***
)       ***Code* § 17200 *et seq.*).**
)
)   **Unlimited Civil**
)   **Demand for Jury Trial**

5

6

### GENERAL ALLEGATIONS

7   Plaintiff, Roy Kaminske, (hereinafter referred to as "Kaminske"), individually, and on

8   behalf of all other persons similarly situated allege as follows:

9   1.   Kaminske is a citizen of the State of California.  Kaminske performed the work

10  that is the subject of this Complaint in the County of San Orange, State of California.

11  2.   Kaminske is informed and believes and based on such information alleges that

12  Defendant, JP Morgan Chase Bank N. A. is transacting business in Orange County, State of

13  California.

14  3.   Kaminske is unaware of the true names and capacities of those Defendants sued

15  as Does 1 through 100. Kaminske will amend this Complaint when those names and capacities

16  become known.  On information and belief, each of the Defendants, including Doe Defendants,

17  are the agents, employees, representatives, or co-conspirators of each of the other Defendants,

18  and in engaging in the conduct alleged herein, did so in furtherance of such relationship.

19  4.   Venue is proper in this judicial district because the conduct alleged in this

20  Complaint occurred in this judicial district.

21  ### CLASS ALLEGATIONS

22  5.   Kaminske is informed and believes, and thereon alleges, that Defendants are a

23  bank that employed loan officers throughout the State of California.

24  6.   Kaminske performed worked for Defendants in the County of Orange at all times

25  mentioned in this Complaint.  Kaminske brings this action as a class action pursuant to

26  *California Code of Civil Procedure* § 382.  The classes that Kaminske represents are defined as

27  follows:

28

Exhibit __A__ Page __4__

- 2 -
CLASS ACTION COMPLAINT FOR DAMAGES

a.     Class I: All current and former loan offices employed by Defendants in the State of California, who within the applicable statute of limitations, failed to receive reimbursement for all necessary expenditures or losses incurred in direct consequence of the discharge of duties;

b.     Class II: All current and former loan offices employed by Defendants in the State of California, who within the applicable statute of limitations, were not provided correct itemized pay statements that included gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates;

c.     Class III: All former loan offices employed by Defendants in the State of California, who within the applicable statute of limitations, failed to receive all monies due upon termination or quitting.

d.     Class IV: All current and former loan offices employed by Defendants in the State of California who within the applicable statute of limitations worked more that 40 hours in a workweek and failed to receive overtime compensation.

e.     Class IV: All current and former loan offices employed by Defendants in the State of California, who within the applicable statute of limitations were subjected to Defendants' unfair business practices.

7.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of the *California Code of Civil Procedure* § 382, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

a.     Numerosity: The Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Kaminske at this time, Kaminske is informed and believes, and thereon alleges, that there are over 75 current and

former loan offices employed by Defendants that received improper and false paycheck stubs, failed to receive all wages at discharge, and failed to receive reimbursement for all necessary expenses.

b.    Common Questions Predominate:  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

      i.    Whether Defendants are subject to *California Labor Code* §§ 2802 and 221;

      ii.    Whether Defendants violated *California Labor Code* §§ 2802 and 221;

      iii.    Whether Defendants are subject to *California Labor Code* § 226;

      iv.    Whether Defendants violated *California Labor Code* § 226;

      v.    Whether Defendants are subject to *California Labor Code* §§ 201, 202, and 203;

      vi.    Whether Defendants violated *California Labor Code* §§ 201, 202, and 203;

      vii.    Whether Defendant is subject to *California Business and Professions Code* § 17200 et. seq.;

      viii.    Whether Defendants violated *California Business & Professions Code* § 17200 et. seq.;

      ix.    Whether class members and Plaintiff previously worked or currently work for Defendants as Customer Sales Representatives within the applicable statue of limitation;

      x.    Whether Defendants are subject to the FLSA;

      xi.    Whether Defendants violated the FLSA;

c.   Typicality:  Kaminske's claims are typical of the claims of the class
members. Kaminske and the members of the class sustained damages arising out
of Defendants' common practice of failing to pay all wages due at termination,
failing to provide proper paycheck stubs, and failing to reimburse loan offices for
expenses.  Kaminske and the class members' claims are based on the same legal
theories, particularly *California Labor Code* §§ 2802, 221, 201, 202, 203, 226,
*California Business and Professions Code* § 17200 et seq., and the FLSA.

d.   Adequacy:  Kaminske will fairly and adequately protect the interests of
the members of the class.   Kaminske has no interest that is adverse to the
interests of the other class members.

e.   Superiority:  A class action is superior to other available means for the fair
and efficient adjudication of this controversy since individual joinder of
all members of the class is impractical; class action treatment will permit a
large number of similarly situated persons to prosecute their common
claims in a single forum simultaneously, efficiently, and without the
unnecessary duplication of effort and expense that numerous individual
actions would engender.  Furthermore, as the damages suffered by each '
individual member of the class may be relatively small, the expenses and
burden of individual litigation would make it difficult or impossible for
individual members of the class to redress the wrongs done to them, while
an important public interest will be served by addressing the matter as a
class action.  The cost to the court system of the adjudication of such
individual litigation would be substantial.  Individualized litigation
would also present the potential for inconsistent or contradictory
judgments.

f.   Public Policy Consideration:  Employers throughout the state violate wage
and hour laws.  Current employees are often afraid to assert their rights

1
2
3
4
5
6
7

out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references. Class actions provide the class members who are not named on the Complaint with a type of anonymity that allows for vindication of their rights.

8
9

### FIRST CAUSE OF ACTION
**Failure to Pay Reimbursement**
**(Violation of *Cal. Labor Code* §§ 221 and 2802)**

10
11

8.    Kaminske re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 7, inclusive, as though fully set forth herein.

12
13
14
15

9.    At all mentioned times in this Complaint *California Labor Code* §§ 221 and 2802 were in full force and effect and binding on Defendants.  Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

16
17
18

10.    In violation of *California Labor Code* §§ 221 and 2802, Kaminske and other class members failed to receive reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants.

19
20
21
22

11.    Kaminske is informed and believes, and thereon alleges, that Kaminske and other similarly situated class members are entitled to reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants in an amount according to proof at trial.

23
24
25

### SECOND CAUSE OF ACTION
**Failure to Provide Itemized Statement to Employee**
**(Violation of *Cal. Labor Code* § 226)**

26
27
28

12.    Kaminske re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 11, inclusive, as though set forth fully herein.

Exhibit **A** Page **B**

13. Kaminske is informed and believes, and thereon alleges, that Defendants are required by law to provide a proper itemized statement to Kaminske and other class members under *California Labor Code* § 226. Said section require employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

14. At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

15. Notwithstanding the requirements of *California Labor Code* § 226, Kaminske and similarly situated class members received improper/false paychecks causing injury in violation of *California Labor Code* § 226.

16. Kaminske is informed and believes, and thereon alleges, that Kaminske and other similarly situated class members are entitled to penalties for failure to maintain and provide itemized statements of employees pay, a violation of *Labor Code* § 226, in an amount according to proof at trial.

## THIRD CAUSE OF ACTION
### Failure to Pay Terminated or Quitting Employee
### (Violation of *Cal. Labor Code* §§ 201, 202, and 203)

17. Kaminske re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Kaminske. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

19. Kaminske is informed and believes, and thereon alleges, that Defendant refused and/or willfully failed to pay all wages owed to Plaintiff and class members at the time of discharge.

20. As a result of Defendant's violation of *California Labor Code* §§ 201, 202 and

203, Plaintiff and similarly situated class members are entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

## FOURTH CAUSE OF ACTION
### (Restitution for Violation Of The Fair Labor Standards Act (FLSA 29 U.S.C. § 201)

21.    Kaminske and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though set forth fully herein.

22.    Kaminske is informed and believes and thereon alleges that Defendants employs 2 or more employees and is directly engaged in commerce.

23.    The *Fair Labor Standards Act, 29, U.S.C. § 201 et seq*. ("FLSA") states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

24.    Kaminske and similarly situated class members regularly worked more than 40 hours per week but failed to receive overtime at a rate of 1.5 times their regular rate of pay.

25.    Kaminske and other similarly situated class members seek restitution under California *Business and Professions Code* § 17200 et seq. for all unpaid overtime wages for Kaminske and class members that worked over forty hours per week without overtime in violation of the FLSA in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### Unfair Business Practices
### (Violation of *Business and Professions Code* § 17200 et. seq.)

26.    Kaminske re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.    At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* were in full force and effect and binding upon Defendants. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to reimburse

for all necessary expenses.

28.     Kaminske is informed and believes, and thereon alleges, that Defendant engaged and/or engages in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to reimburse all loan officers for expenses.

29.     As a direct result of the actions of Defendants as alleged above, Kaminske and similarly situated class members are entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Kaminske, on his own behalf, and on behalf of other members of the general public similarly situated, pray for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1.     Judgment against Defendants for compensatory damages for reimbursement for all unlawful deductions;

2.     For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

3.     For attorney's fees and costs under *California Labor Code* § 2802;

4.     Judgment against Defendants for pre-judgment interest, according to proof;

### ON THE SECOND CAUSE OF ACTION

5.     Judgment against Defendants for penalties pursuant to *California Labor Code* § 226;

### ON THE THIRD CAUSE OF ACTION

6.     For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

### ON THE FOURTH CAUSE OF ACTION

7.     For restitution of all unlawfully withheld overtime wages for a period commencing four years prior to the filing of this action through final judgment;

8.     For all interest on wages owed;

9.     For reasonable attorney fees and costs as provided by law;

- 9 -

CLASS ACTION COMPLAINT FOR DAMAGES

**A**

11

## ON THE FIFTH CAUSE OF ACTION

10.     For restitution of all unlawfully withheld wages for a period commencing four

years prior to the filing of this action through final judgment;

### ALL CAUSES OF ACTION

11.     Judgment against Defendants for reasonable attorney's fees as provided by law;

12.     Judgment against Defendants for pre-judgment interest;

13.     Judgment against Defendants for costs of suit incurred herein; and

14.     Judgment against Defendants for such further relief as the court deems just and

proper.

Dated: June 22, 2009

_____

Aarin A. Zeif
GOULD & ASSOCIATES
Attorneys for Plaintiff,
Kaminske, individually, and on behalf of
other members of the general public
similarly situated

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael A. Gould (SBN 151851)<br>Aarin A. Zeif (SBN 247088)<br>GOULD & ASSOCIATES<br>17822 E. 17th Street, Suite 106<br>Tustin Ca, 92780 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER |

TELEPHONE NO.: (714) 669-2850   FAX NO.: (714) 544-0800

ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS: 751 West Santa Ana Blvd.

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, California 92701

BRANCH NAME: Civil Complex Center

CASE NAME: Kaminske v. JP Morgan Chase Bank N.A.

**JUL 06 2009**

ALAN CARLSON, Clerk of the Court

BY ___C. PEDRAZA___, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2009 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: 00180146<br>JUDGE RONALD L. BAUER<br>DEPT CX103 |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): Five

5. This case [x] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 24, 2009

Michael A. Gould (SBN 151851)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

# SUPERIOR COURT OF CALIFORNIA
## ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO LITIGANTS – ADR INFORMATION PACKAGE

Rule 10.782 of the California Rules of Court require you to serve a copy of the ADR information package along with the complaint and/or cross-complaint.

California Rules of Court - Rule 10.782
Information about ADR

(a)     Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b)     The plaintiff shall serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants shall serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

Exhibit __A__ Page __14__

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF [COURT NAME]
## Did you know that most civil lawsuits settle without a trial?

**Introduction**

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court. ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

**Advantages of ADR**

ADR can have a number of advantages over a lawsuit. ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorneys fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

**Disadvantages of ADR**

ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**Three Common Types of ADR**

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things. Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.



## ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge.

Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

### Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering. Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

### Whom Do You Call?

To locate a dispute resolution program or neutral in your community:
Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or contact the local bar association, or look in the Yellow Pages under "Arbitrators" or "Mediators."

For more information on local Arbitration Programs, please phone (714) 834-3774        (for court ordered arbitration only).

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding

**There may be a charge for services provided by private arbitrators and mediators.**
*Presented by the Judicial Council of California and the State Bar of California - March 1998*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

TELEPHONE NO.:                              FAX NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
[ ] ATTORNEY FOR   [ ] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS:   751 W. Santa Ana Blvd
MAILING ADDRESS:   P.O. Box 22028
CITY AND ZIP CODE: Santa Ana, 92702
BRANCH NAME:   Complex Litigation Center

PLAINTIFF:

DEFENDANT:

SHORT TITLE:

FOR COURT USE ONLY

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION**

CASE NUMBER:

Plaintiff(s), _____ and defendant(s)
agree to the following dispute resolution process:

[ ]   Mediation
[ ]   Arbitration (must specify code)
        [ ]   Under Section 1141.11 of the Code of Civil Procedure
        [ ]   Under Section 1280 of the Code of Civil Procedure
[ ]   Neutral Case Evaluation
[ ]   Other (specify):
[ ]   Plaintiff(s) and Defendant(s) further agree as follows:

We understand that there may be a charge for services provided by private arbitrators and mediators.

Date: _____        _____
                                                             *PLAINTIFF/ATTORNEY*

Date: _____        _____
                                                             *DEFENDANT/ATTORNEY*

**ALTERNATE DISPUTE RESOLUTION (ADR) STIPULATION**                    Page: 4

Exhibit __**A**__ Page _17_

**Superior Court of California**
**County of Orange**

**CIVIL COMPLEX CENTER**
**751 W. Santa Ana, Blvd. Santa Ana, CA 92701**
**PO BOX 22028 92702-2028**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|---|---|---|---|---|---|
| CX101 | Velasquez (714) 568-4802 | Thursdays 1:30 P.M. | M - F, 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX102 | Andler (714) 568-4822 | Thursdays, 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 am, day before ex parte hearing Ex parte papers shall be lodged directly in dept. CX102 and not filed with the clerk's office unless otherwise ordered by the court. | 12:00 p.m., day before ex parte hearing; opposition must be in writing |
| CX103 | Bauer / Sandvolds (714) 568-4812 | Mondays, 10:30 A.M. | Tu, Th 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX104 | Colaw (714) 568-4818 | Fridays 10:00 A.M. | M, T, W and F, 1:30 P.M. | 12:00 a.m., day before ex parte hearing | 10:00a.m., day of ex parte hearing |
| CX105 | Stock (714) 568-4807 | Fridays, 9:00 A.M. | M - F, 1:30 P.M. | 10:00 a.m., day before ex parte hearing | 12:00 p.m., day before ex parte hearing; opposition must be in writing |

*Law and Motion Tentative Rulings are issued and posted on the Internet.

1.  The consideration of ex parte applications shall not interfere with or delay the trial in progress.  Requirements pursuant to California Rules of Court (CRC) 3.1200-3.1207 shall apply.  All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application.

    Moving party shall submit on moving papers unless the Court invites oral argument.   Moving papers must:

    *  Include a declaration of Notice of Ex Parte Hearing and a proposed order.
    *  State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2.  For information regarding fees or the Orange County Superior Court Local Rules, go to: http://www.occourts.org.

3.  Moving and responding parties shall be in the department at the appointed time.  No check-ins will be received after the appointed time without good cause.  There will be no second call.

4.  Teleconference appearances are available through CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.  Teleconference appearance is voluntary and does not require consent the other attorneys or parties in the case.  The Court does, however, reserve the right to reject any request.

5.  The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record.

    (The electronic filing method of the court for ... complex cases subject to the Electronic Filing Order.)

**PLAINTIFF SHALL SERVE A COPY OF THE COMPLEX GUIDELINES WITH THE SUMMONS AND COMPLAINT.**

Rev May 26, 2009

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---



# GUIDELINES

## ALL COMPLEX DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex litigation. These pilot courts have been established to test case management principles which may improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. The principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court*, *Local Rules – Superior Court of California, County of Orange ("local rules")*, and the *Deskbook on the Management of Complex Civil Litigation ("Deskbook")* is expected. A copy of the *Deskbook* may be obtained by contacting LEXIS Publishing at (800) 833-9844. These guidelines should answer most procedural questions and assist you in feeling comfortable in our courtrooms. ***These Guidelines are Orders of the Court.***

> ✓ *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.*

Exhibit **A** Page **19**

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

## COMPLEX CIVIL GUIDELINES

**I.  COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE:**

1.  The court expects civility and proper decorum at all times in the courtroom.   Witnesses and parties, except for small children, are to be addressed and referred to by their surnames. Courtesy toward everyone in the courtroom is required.  Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality.  *The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.*

2.  All electronic devices such as pagers and cell phones must be TURNED OFF while in the courtroom whether or not court is in session.

3.  Trial attorneys should be in the courtroom 10 minutes prior to the start of court each morning.  Punctuality is not only a courtesy to others, it is required.  Counsel should expect that the court will take appropriate action if counsel is late for any appearance without good reason.

4.  Objections, statements and arguments must be addressed to the court rather than opposing counsel.  Counsel may speak from the lectern or the counsel table and may examine witnesses and object without standing or without asking permission.

5.  Do not enter the well of the courtroom at any time.

6.  Do not lean or sit on the jury rail.

7.  Do not approach the clerk or reporter while court is in session for any reason.

8.  At the end of each day, counsel must clear work areas including the area in the rear of the courtroom unless granted leave of the court otherwise.

9.  Any use of the department's fax machine is permitted only by order of the court.

10.  It is counsel's responsibility to record the date and time set for any future hearing.  If counsel needs to confirm a hearing date, please call opposing counsel before calling the court. If the information is still not available, please call the Clerk's Office of the Civil Complex Center at (714) 568-4700.  Please do not call courtroom staff unless these previously noted resources do not have the information you need.

11.  Copy work is done by staff in the Clerk's Office.  Courtroom staff will not make copies at counsel's request unless directed to do so by the judge.  All copies are subject to a per-page copying fee.

Exhibit ___A___ Page ___20___

2

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

## II.   GENERAL MATTERS

1.   The court expects all counsel to maintain regular communication with each other regarding hearing dates, the progress of the case, and settlement possibilities.

2.   The court believes in liberal discovery but expects counsel to refrain from engaging in excessive and abusive discovery.

3.   The court will require written notice of all hearing dates and decisions.  Notice is not normally waived and waiver of notice must be stated on the record.

4.   Continuances of hearing or trial dates are discouraged but may be necessary from time to time.  Continuances of trial or hearing dates by stipulation are not permitted without approval by the court.  Even if counsel have stipulated to a continuance, the new date must be pre-approved by the courtroom clerk.  Please call the courtroom clerk for available dates before contacting other counsel. Stipulated continuances must be supported by declaration stating the reasons for the continuance and be accompanied by a proposed order for the court's signature. Faxed signatures on stipulations are permitted.  All applicable fees apply.

5.   Be advised that the Superior Court of California, County of Orange has established a system for filing in accordance with Civil Code of Procedure section §1010.6 and California Rule of Court 2.250 et seq.

   All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), Rule 308.  To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

6.   Please consult the local rules prior to seeking the assistance of courtroom staff in order to minimize telephone calls to the department.

7.   In the event a case settles prior to a court hearing or trial date, the plaintiff or cross-complainant must file in the assigned department either a full dismissal, a Stipulation for Entry of Judgment, or a Judgment on Stipulation that is in a form ready for the judge's signature.  If the applicable document is not ready for filing by the time of the next hearing date, counsel must appear at the time scheduled for the hearing and recite the settlement for the record.

8.   Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

Exhibit **A** Page **21**
(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

## COMPLEX CIVIL GUIDELINES

9.   Information about filing requirements or fees is available on the court's INTERNET home page at: http://www.occourts.org, or by telephone at (714) 568-4700. The local rules are available on the court's internet home page.

10.  Telephone appearances are conducted pursuant to the provisions of California Rules of Court, Rule 3.670 and the guidelines of **CourtCall**, available at (310) 342-0888 or (888) 88-COURT.

## III.  LAW AND MOTION:

1.   **Meet and Confer:** This court adopts the *Deskbook's* view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions (*Deskbook*, Pleading and Motion Practice, § 2.42.). Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

Counsel for the moving party shall arrange the conference to meet and confer and, at least 10 calendar days before the hearing, file at the Clerk's Office of the Civil Complex Center (Room 213) a statement entitled "Meet and Confer," signed under penalty of perjury, summarizing the issues remaining in dispute and the respective positions taken. Failure to comply with the requirement to meet and confer may result in the matter being continued or taken off calendar.

If the court finds that there was no good reason for a failure to resolve the dispute, the court may order any person who unreasonably fails to settle any disputed issue to pay the amount of the opposing party's reasonable expenses, including reasonable attorneys' fees incurred in making or opposing the matter.

2.   **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the court as soon as possible if any matter will be taken off calendar or continued.

## IV.  EX PARTE APPLICATIONS:

1.   The filing fee for each *ex parte* application must be paid at the Clerk's Office of the Civil Complex Center (Room 213). The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application.

2.   The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or

(Rev. Feb 29, 2008)

*A*    22

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

3.　　The parties shall appear at the appointed time in the department in which the application is to be heard. No late appearance will be heard without good cause. There is no second-call on the *ex parte* calendar.

## V. REFEREES

1.　　In complex cases, the court has the authority to 1) appoint a referee to conduct mediation or mandatory settlement conferences, or to hear and determine discovery disputes; 2) order the parties to compensate the referee in a manner that is fair; and 3) compel attendance by the parties and their carriers at mediation and settlement conferences. (Code of Civil Procedure §187, §639 and Lu v. Superior Court (1997) 55 CA.4th 1264, 1270 -72.)

2.　　It is the court's expectation that all parties and their carriers will appreciate the advantage of cooperating in early settlement or mediation efforts.

3.　　It is the general order of the court that the provisions of the local rules, Rule 448 shall apply to mandatory settlement conferences, and that the provisions of subdivisions D., E., H. and I. of Rule 448 shall apply to mediation as if the mediation was a mandatory settlement conference for all parties which have agreed to mediate. However, the referee is authorized to require the attendance of any person at any mediation agreed upon as may be appropriate for the circumstances of the case and the position of each party.  For example, "major players" may be required to have a claims representative present, while "minor players" may be allowed to have a claims representative available by telephone during the mediation. Similar appropriate accommodation may be made by the referee for association boards, business entities, or multiple plaintiffs for example.  All parties are expected to cooperate in making a sincere effort to resolve the case without a trial.

4.　　Any request for a waiver of the requirement to personally appear at a mandatory settlement conference, whether conducted by the court or a referee, must be made by written application to the court in accordance with the provisions of the local rules, Rule 448.I.3(5).

5.　　No later than 20 days prior to the initial Case Management Conference, the plaintiff is expected to have conferred with all other parties that have filed a responsive pleading concerning whether referee services are appropriate for the case. If the parties agree that the appointment of a referee would benefit the case, counsel shall then attempt to agree on the selection of one or more referees for the purposes stated in this section.

Plaintiff is expected to propose to all other parties a list of 3 to 6 potential referee candidates after having inquired of each candidate concerning his or her availability to

*A* 23

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

### COMPLEX CIVIL GUIDELINES

---

accept an appointment. If a party cannot agree to the appointment of any of the referees suggested by the plaintiff, that party must propose an alternative list of referee candidates. If the parties still cannot agree, a party may apply for the appointment of a referee under the provisions of Code of Civil Procedure §638 or §639, whichever is appropriate, supported by a declaration stating the reasons why the appointment of a referee would benefit the case, and identifying the issue upon which the parties are unable to agree, including whether there is partial agreement among some of the parties. The names of all of the proposed referee candidates, if any, shall be stated in the declaration.

When all of the parties agree that the appointment of a referee would benefit the case, but cannot agree on the selection of a particular referee, the court may appoint the referee(s) with or without further notice at the Case Management Conference if the court believes the appointment of a referee would benefit the case.

6. The appointed referee(s) may assist with the preparation of the Case Management Order, mediation, discovery schedule, and other pre-trial matters.

## VI. MANDATORY SETTLEMENT CONFERENCES ("MSC"):

No case will be tried before a sincere effort is made to settle. The court expects that the parties will first attempt to settle the case using the assigned mediator or referee, if any. When a mediator or settlement referee has been appointed in the case, a settlement conference through the court will be scheduled only after reasonable attempts to settle with the assistance of the mediator or settlement referee have been exhausted. The court expects the parties will comply with the provisions of the local rules, Rule 448.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. **Counsel are advised to check with the court to determine its preference in this regard.**

## VII. CASE MANAGEMENT HEARINGS AND OTHER CONFERENCES:

Case Management Conferences and periodic Status Conferences (in addition to other required appearances) are likely to be scheduled throughout the pendency of the litigation on the court's own motion or at the request of one of the parties. The first Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. The

Exhibit A Page 24

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

parties should expect the court to schedule review hearings about every 90 days to monitor how the case is progressing.

A Trial Readiness Conference or Pre-trial Conference will likely be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and resolving procedural issues concerning the trial. The goal of the Trial Readiness Conference or Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Trial Readiness Conference or Pre-trial Conference is not a substitute for the Issues Conference required by local rules, Rule 450.**

VIII. <u>CASE MANAGEMENT:</u>

    1.    Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

        The goal of case management is to "bring about a just resolution as speedily and economically as possible." (*Deskbook,* Case Management, §2.01.) To be effective, case management "should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided." (*Id.*) The parties or the court should develop and monitor an "effective plan for the orderly conduct of pretrial and trial proceedings." (*Deskbook,* Case Management, §2.04.) A case management plan "should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial." (*Id.*) The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

    2.    **Case Management Conference and Status Conference Statements:** The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* (required by California Rules of Court, Rule 3.725(c), is *inadequate* to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 shall not be used in any action designated or provisionally designated as complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

        Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

        A Case Management Conference Statement is a comprehensive report of the case which should include a brief objective summary of the case, the potential dimensions of the case, significant procedural and practical problems which may likely be encountered

(Rev. Feb 29, 2008)

A Page 26

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

**COMPLEX CIVIL GUIDELINES**

---

in the case, suggestions for efficient management of the case, including a proposed time-line of key events in the case or a proposed case management order, if appropriate, and any other special consideration the court should be made aware of to assist it in determining an effective case management plan.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

3.   **Early resolution of threshold issue:** On occasion, the progress of a case can be helped by the early resolution of a pivotal or threshold issue upon which the rest of the case hinges. However, when the resolution of such an issue depends upon the determination of questions of fact, a definitive outcome may not be readily achievable through a motion, such as a motion for summary judgment. In such cases, if the parties are willing to enter necessary stipulations to allow for a separate trial of a limited issue, the court will order the trial solely on that issue as soon as the parties can be ready.

In such a trial, the preponderance of the evidence standard is presumed to be the burden of proof unless the law requires otherwise. (Evidence Code §115.) As with any trial, the outcome is binding on the parties even though the findings are interlocutory. Where the parties seek a jury trial of the issue, the court is likely to require a stipulation by the parties that the issue may be heard and determined by a jury different from that which will hear and determine the remaining issues in the case.

## IX.   TRIALS:

1.   **Motions *in limine*:** Motions *in limine*, including pretrial hearings under Evidence Code §402, must be in writing and supported by a memorandum of points and authorities. Motions *in limine* shall be exchanged at the Issues Conference pursuant to the local rules, Rule 450. Motions and oppositions to the motions shall be filed on the Friday before the trial date in the department in which the trial is set.

Pre-trial motions to preclude evidence at trial shall specify the evidence the moving party seeks to exclude and shall be supported by a declaration stating (1) the specific ground of the objection; (2) the reasons why the moving party believes the evidence will likely be offered at trial; and (3) a sufficient offer of proof to permit the court the ability to determine the admissibility of the evidence on the objection specified. (See Evidence Code §353.)

Counsel should keep in mind it may be difficult for him or her to specify the evidence which is the subject of the motion, and the precise grounds on which it should be

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

precluded, until that evidence is offered. "Actual testimony sometimes defies pretrial predictions of what a witness will say on the stand. Events in the trial may change the context in which the evidence is offered to an extent that a renewed objection is necessary to satisfy the language and purpose of Evidence Code section 353." (Kelly v. New West Federal Savings (1996) 49 CA 4th 659, 671.) "'Until the evidence is actually offered, and the court is aware of its relevance in context, its probative value, and its potential for prejudice, matters related to the state of the evidence at the time an objection is made, the court cannot intelligently rule on admissibility.'" (Id.)

Counsel should attempt to resolve evidentiary disputes at the Issues Conference before resorting to a motion *in limine*. "It is frequently more productive of court time, and the client's money," for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials.

2. Jury Trial:

   A.  Procedural matters and issues relating to jury selection most often can be addressed orally and informally with the court, and later preserved on the record if necessary.

   B.  Parties shall use CACI instructions when applicable. Proposed jury instructions shall be filed in typed form on the Friday before the trial date. A modified version of a CACI instruction should be plainly marked as "Modified." Handwritten modification of a standard CACI instruction is acceptable with court approval. CACI instructions shall be submitted to the court using the "masthead" format, with spaces to indicate which party has submitted the instruction, and whether the instruction will be given, given as modified, withdrawn or refused. The court has the discretion whether to provide multiple sets of instructions to the jury for its deliberation.

   C.  At the Issues Conference, counsel should discuss stipulating to less than 12 jurors to try the case in the event the jury is reduced to less than 12 jurors prior to verdict.

   D.  All challenges for cause shall be made outside the hearing of the jury panel.

   E.  Objections during the course of the trial shall be in the form of a concise statement of the grounds. Speaking objections are not permitted. Argument on the objection without invitation by the court is not permitted.

   F.  Counsel shall neither make reference to nor display charts, models, photographs or other demonstrative evidence to the jury unless: 1) the evidence has been

(Rev. Feb 29, 2008)

**A** Page **28**

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

received into evidence; 2) opposing counsel has been given the opportunity to review the evidence and has no objection to it; or 3) the proponent of the evidence has leave of court to refer to or display the evidence.

3.   In a court trial, trial briefs must be exchanged at the Issues Conference pursuant to the local rules, Rule 450, and filed with the court on the Friday before the date set for trial, unless the court has granted leave otherwise.

4.   On the first day of trial, counsel shall deposit with the courtroom clerk a blank check to cover the anticipated jury/reporter fees. Payment of the actual amount of jury/reporter fees is required at the end of each week of trial. Counsel may be required to deposit a new blank check at the beginning of each successive week of trial.

## X.   TRIAL EXHIBITS:

1.   INTRODUCTION:

A.   At the Trial Readiness Conference or Pre-trial Conference counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. (For example, exhibits offered by Acme Air Conditioning may be marked using a prefix system starting at "AAC-0001." Zenith Concrete would mark its exhibits starting at "ZC-0001." Under a super-numeration system, plaintiff would reserve exhibit numbers 1 through 999; defendant would be assigned exhibit numbers 1000 through 1999, and cross-defendant would be assigned exhibit numbers 2000 through 2999 for example.)

B.   In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

C.   Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

D.   The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of

Exhibit **A** Page **29**

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

E.  Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

F.  At the beginning of the trial, counsel shall provide the courtroom clerk a JOINT EXHIBIT LIST describing and numbering each exhibit. The exhibit list shall indicate the exhibits, which are to be admitted by stipulation of the parties.

Exhibits admitted pursuant to stipulation are deemed admitted at the commencement of the trial. It will greatly assist the courtroom clerk if counsel also pre-tag and mark for identification the exhibits which will likely be offered at the trial.

A sheet of exhibit tags can be found at the end of these guidelines for counsel to reproduce. They are also available from the courtroom clerk.

2.  USE OF ELECTRONIC EVIDENCE PRESENTATION SYSTEMS:

A.  Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors). Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits.

B.  Electronic Evidence Standard Format:  Counsel must submit to the clerk 2 sets of electronic evidence in PDF file format and stored on CD-R.   Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs.   Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CD's) must be labeled as follows:

**A** 30

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

### COMPLEX CIVIL GUIDELINES

---

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

C.   The courtroom clerk will maintain and provide counsel an updated exhibit list. The clerk will confer with counsel on an ongoing basis to maintain accuracy and completeness of the exhibits. The court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

D.   It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

E.   Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose). Counsel must consult with the clerk and submit the evidence CD containing the impeachment documents, along with a separate exhibit list in a sealed envelope prior to the time the evidence is offered. The envelope shall be marked "impeachment documents" and identified with the name of the proffering party.

F.   Counsel must confer with the clerk, prior to submission of the evidence CD to the jury for use in deliberations, and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

G.   The jury room will have a PC to view the exhibits on the monitor. The clerk may print copies from the evidence CD for the jurors to use, if requested by the jury. The clerk will collect and destroy copies of exhibits at the conclusion of trial.

3.   NON-ELECTRONICALLY PRESENTED EVIDENCE:

A.   Counsel must provide an original set plus a copy set of all documentary exhibits. Each set must be pre-marked and tagged using the court approved exhibit tags. Alternatively, counsel may provide one original set plus a copy set in electronic form. The second set is for the judge's use during trial. If counsel intends to use

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

**COMPLEX CIVIL GUIDELINES**

---

A document for impeachment, two copies of the document must be delivered to the courtroom clerk at the same time in a sealed envelope marked "impeachment documents" and the name of the party.  Any alternative to these procedures for the submission of evidence must be presented to the court at the Trial Readiness Conference or Pre-trial Conference.

B.   Enlargements and transparencies customarily will not be admitted into evidence unless ordered by the court. Any large exhibit or transparency should be accompanied by an 8 ½" x 11" version of the exhibit similarly marked for identification.

C.   Counsel are expected to comply with the provisions of Evidence Code §768(b) by showing the exhibit to the opposing counsel before it is displayed to the trier of fact.

D.   Interrogatories and Requests for Admission that are expected to be used at trial must be extracted and lodged with the court, and a copy given to counsel, at the appropriate time.  In jury trials, questions and answers must be read into the record, subject to proper objections.  The extracts may be submitted as exhibits in bench trials.

XI.   <u>USE OF DEPOSITION TRANSCRIPTS</u>

Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial.  Portions of a deposition transcript offered into evidence must be read into the record as if live testimony, subject to proper objections.

(Rev. Feb 29, 2008)

A   32

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

## COMPLEX CIVIL GUIDELINES

## JOINT EXHIBIT LIST

**Case Name:** _____
**Case No:** _____
**Dept :** _____     **Type of Hearing :** _____

| NO | PARTY | ID | EV | DESCRIPTION |
|----|-------|----|----|-------------|
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |
|    |       |    |    |             |

(Rev. Feb 29, 2008)

A    33

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

## COMPLEX CIVIL GUIDELINES

---

**EXHIBIT NO.**

☐ ID only (Date)

☐ IN EVIDENCE (Date)

☐ Plaintiff/People    ☐ Defendant    ☐ Joint
☐ Petitioner          ☐ Respondent    ☐ Court
☐ (Other)

Atty/Party Introducing Sensitive Exhibit

Case No.

Vs.

Alan Slater, Executive Officer and Clerk

Deputy

**NOTE: THIS ITEM IS A PERMANENT COURT RECORD.
DO NOT REMOVE FROM THE COURTROOM**

---

**EXHIBIT NO.**

☐ ID only (Date)

☐ IN EVIDENCE (Date)

☐ Plaintiff/People    ☐ Defendant    ☐ Joint
☐ Petitioner          ☐ Respondent    ☐ Court
☐ (Other)

Atty/Party Introducing Sensitive Exhibit

Case No.

Vs.

Alan Slater, Executive Officer and Clerk

Deputy

**NOTE: THIS ITEM IS A PERMANENT COURT RECORD.
DO NOT REMOVE FROM THE COURTROOM**

(Rev. Feb 29, 2008)

A 34

 CT Corporation

**Service of Process Transmittal**
08/03/2009
CT Log Number 515225972

TO:  Carl Del Vecchio
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza - 20th Floor, Legal Department
New York, NY 10081-

RE:  **Process Served in California**

FOR:  JPMorgan Chase Bank, N.A. (Domestic State: N/A)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover Sheet, Attachment(s), Stipulation Form | By Process Server on 07/08/2009 at 14:15 | Carl Del Vecchio JPMorgan Chase Bank, N.A. | 515110837 |

Page 2 of  2 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit __A__ Page __35__

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Michael A. Gould<br>Gould and Associates - 17822 E. 17th Street, Ste 106, Tustin, CA 92780<br><br>Telephone No.: 714-669-2850000000   Fax No. (Optional): 714-544-0800<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):* Roy Kaminske   Bar No: 151851 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Roy Kaminske

DEFENDANT / RESPONDENT: JP Morgan Chase Bank, N.A

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER: 30-2009-00180146<br><br>DEPT: CX 103<br>JUDGE: Ronald Bauer<br>STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?    Yes _____    No _✓_

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?    Yes _____    No _✓_

    If yes, explain relationship: _____ .

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?    Yes _____    No _✓_

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?    Yes _____    No _✓_

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?    Yes _✓_    No _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

July 23, 2009
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

Exhibit _A_ Page _36_

1

## PROOF OF SERVICE BY MAIL - 1013a and 2015.5 C.C.P.

2

3        I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and employed in the County of Orange, over the age of eighteen years and not a party to the within action or proceeding; that my business address is GOULD & ASSOCIATES, 17822 E.

4    17th Street, Suite 106, Tustin, CA 92780; and that on July 24, 2009 I served the within:

5    • **CLASS ACTION/B&P 17200 QUESTIONNAIRE**

6    in this action or proceeding by depositing a true copy thereof in a sealed envelope with postage fully prepaid, in a mail box regularly maintained by the Government of the United States, at

7    Tustin, California, addressed to the interested parties in this action as follows:

8    JP Morgan Chase Bank, N.A.
     CT Corp.

9    818 W. Seventh Street
     Los Angeles, CA 90017

10

     Richard A. Jones

11   1820 E. 17th Street
     Santa Ana, CA 92705

12

13       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

         Executed on July 24, 2009 at Tustin, California.

15

16

17

18   Marcela Graham

19

20

21

22

23

24

25

26

27

28

---

**PROOF OF SERVICE**

Exhibit **A** Page **37**



UNITED STATES POSTAGE

PITNEY BOWES

$000.440

02 1P
0003309314   JUL 24 2009
MAILED FROM ZIP CODE 92780

GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, CA 92780

JP Morgan Chase Bank, N.A.
CT Corp.
818 W. Seventh Street
Los Angeles, CA 90017

# EXHIBIT "B"

1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, State Bar No. 257163
2  JENNIFER WHITE-SPERLING, State Bar No. 166504
   5 Park Plaza, Suite 1750
3  Irvine, CA 92614
   Tel: 949.399.7000
4  Fax: 949.399.7001
   Email: cgonell@morganlewis.com
5  Email: jwhite-sperling@morganlewis.com

6

7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.
8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                              COUNTY OF ORANGE
10

11 ROY KAMINSKE, individually, and on          Case No.  30-2009-00180146
   behalf of other members of the general public
12 similarly situated,                          Assigned for all purposes to The Honorable
                                                Ronald L. Bauer
13                  Plaintiff,
                                                **DEFENDANT'S ANSWER TO**
14        vs.                                   **PLAINTIFF'S COMPLAINT**

15 JP MORGAN CHASE BANK N.A., and              Dept.:  CX103
   DOES 1 through 25,
16                                              Complaint Filed:    July 6, 2009
                    Defendants.                 Trial Date:         None Set
17

18

19       Defendant JPMorgan Chase Bank, N.A. ("Defendant"), hereby answers and responds to

20 Plaintiff Roy Kaminske's ("Plaintiff") Complaint as follows:

21                              **GENERAL DENIAL**

22       Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies generally

23 and specifically each and every material allegation contained in Plaintiff's Complaint, and denies

24 further that Plaintiff has been injured in the amount or manner alleged or in any other manner

25 whatsoever by reason of any act or omission on the part of Defendant, or any of its past or present

26 predecessors, successors, agents, representatives, or employees, acting in the course and scope of

27 their employment.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                              1                    Case No. 30-2009-00180146
                              DEFENDANT'S ANSWER TO COMPLAINT

Exhibit __B__ Page __39__

## DEFENSES

Defendant also asserts the following defenses, without admitting any obligations regrading who bears the burden of proof or persuasion as to any one of them:

### FIRST DEFENSE
### (Failure to State a Cause of Action)

1.    The Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of action.

### SECOND DEFENSE
### (Standing)

2.    Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent he lacks standing to bring his claims.

### THIRD DEFENSE
### (Lack of Subject Matter Jurisdiction)

3.    The named Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interest of others as to each purported claim.

### FOURTH DEFENSE
### (Uncertainty)

4.    Plaintiff's claims, and the claims of each putative member of the purported class as set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

### FIFTH DEFENSE
### (Statutes of Limitations)

5.    Plaintiff's claims, and the claims of each putative member of the purported class action defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338, 339, 340 and 343; California Business and Professions Code § 17208; California Labor Code Section 203 and 29 U.S.C. § 255.

### SIXTH DEFENSE
### (Estoppel)

6.    Plaintiff's claims, and the claims of each putative member of the purported class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                          2                          Case No. 30-2009-00180146

DEFENDANT'S ANSWER TO COMPLAINT

B 40

defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of estoppel.

### SEVENTH DEFENSE
### (Waiver)

7.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

### EIGHTH DEFENSE
### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

8.      Plaintiff, and each putative member of the purported class defined in the Complaint, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### NINTH DEFENSE
### (Facts Insufficient for Liquidated Damages)

9.      Plaintiff fails to allege facts sufficient to support an award of liquidated or exemplary damages against Defendant.

### TENTH DEFENSE
### (Liquidated Damages Unconstitutional)

10.     An award of liquidated damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

### ELEVENTH DEFENSE
### (Consent)

11.     The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiff consented to any alleged activity or conduct.

### TWELFTH DEFENSE
### (Accord and Satisfaction, Payment)

12.     Plaintiff's claims, and the claims of each putative member of the purported class action defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1

3

Case No. 30-2009-00180146

DEFENDANT'S ANSWER TO COMPLAINT

B   41

**THIRTEENTH DEFENSE**
**(California Law Overtime and Minimum Wage Exemption)**

13.     Plaintiff, and each putative member of the purported class defined in the Complaint, are exempt from the overtime and minimum wage requirements under the California Labor Code and the applicable Industrial Welfare Commission wage order or wage orders promulgated under the California Labor Code, including but not limited to, the exemptions set forth in Sections 1(A)(1), 1(A)(2), 1(C) and/or 3(D) of the applicable wage order or wage orders, such as the executive exemption, administrative exemption, the outside sales exemption, and/or the exemption for commissioned employees.

**FOURTEENTH DEFENSE**
**(Federal Law Overtime Exemption)**

14.     Plaintiff, and each putative member of the purported class defined in the Complaint, are exempt from overtime and minimum wage requirements under the FLSA, including but not limited to, the exemptions set forth in 29 U.S.C. Sections 207(i) and/or 213(a)(1), 213(a)(17), and/or 29 C.F.R. § 541.601, such as the retail, executive, administrative, outside sales, and/or highly-compensated exemptions.

**FIFTEENTH DEFENSE**
**(Business-Related Expenses Never Incurred)**

15.     Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff or some or all of the putative class members did not incur unreimbursed business-related expenses, said expenses were not reasonable and necessary, or said expenses were not business-related.

**SIXTEENTH DEFENSE**
**(De Minimis)**

16.     The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the *de minimis* doctrine.

**SEVENTEENTH DEFENSE**
**(Release)**

17.     The claims of certain putative members of the purported class action defined in the Complaint are barred in whole or in part because said claims have been released by the individuals in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                      4                      Case No. 30-2009-00180146
DEFENDANT'S ANSWER TO COMPLAINT

question.

## EIGHTEENTH DEFENSE
### (Laches)

18.     Plaintiff's claims, and the claims of each putative member of the purported class action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## NINETEENTH DEFENSE
### (Unclean Hands)

19.     Plaintiff's claims, and the claims of each putative member of the purported class action defined in the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## TWENTIETH DEFENSE
### (Setoff and Recoupment)

20.     If any damages have been sustained by Plaintiff, or by any putative member of the purported class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class action members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-FIRST DEFENSE
### (Due Process/Class Certification)

21.     Certification of a class would constitute a denial of its due process rights in violation of the Fourteenth Amendment and the California Constitution.

## TWENTY-SECOND DEFENSE
### (Not Appropriate for Class Action)

22.     The Complaint, and each purported cause of action contained therein, are not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                          5                          Case No. 30-2009-00180146
DEFENDANT'S ANSWER TO COMPLAINT

B   43

**TWENTY-THIRD DEFENSE**
**(Numerosity)**

23.     The Complaint fails to the extent it asserts a class action, because the putative class Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity.

**TWENTY-FOURTH DEFENSE**
**(Inadequate Representative)**

24.     The Complaint fails to the extent it asserts a class action, because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported class.

**TWENTY-FIFTH DEFENSE**
**(Claims Not Common or Typical)**

25.     The Complaint fails to the extent it asserts a class action, because the claims alleged by the named Plaintiff are neither common to nor typical of those of the class he purports to represent.

**TWENTY-SIXTH DEFENSE**
**(Action Unconstitutional)**

26.     Plaintiff's purported cause of action for violation of California Business and Professions Code Section 17200 is barred because provisions of Section 17200 violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-SEVENTH DEFENSE**
**(Avoidable Consequence)**

27.     The claims of Plaintiff, and any putative class member of the purported class defined in the Complaint, are barred, or recovery reduced, because:  (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered, if any.

**TWENTY-EIGHTH DEFENSE**
**(Failure to Mitigate)**

28.     Plaintiff's monetary claims are barred, in whole or in part, because he has not appropriately or adequately mitigated his damages, if any.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                                      6                         Case No. 30-2009-00180146

DEFENDANT'S ANSWER TO COMPLAINT

EXHIBIT B  Page 44

**TWENTY-NINTH DEFENSE**
**(Adequate Remedy At Law)**

29.    Plaintiff's causes of action, and those of any putative class member of the purported class defined in the Complaint, are barred in light of the fact that Plaintiff and any such putative members of the purported class have an adequate remedy at law.

**THIRTIETH DEFENSE**
**(Consent)**

30.    The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiff or any putative class member of the purported class defined in the Complaint, consented to any alleged activity or conduct.

**THIRTY-FIRST DEFENSE**
**(Conduct Reasonable and In Good Faith/Not Willful)**

31.    If Defendant is found to have failed to pay or reimburse Plaintiff, or any putative member of the purported class defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with California and Federal wage and hour laws.

**THIRTY-SECOND DEFENSE**
**(Not Willful)**

32.    Plaintiff, and any putative class member of the purported class defined in the Complaint, is barred from recovering penalties or liquidated damages pursuant to, *inter alia*, California Labor Code Sections 203, 226, and/or the Fair Labor Standards Act, because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff.

**THIRTY-THIRD DEFENSE**
**(Conduct Reasonable and in Good Faith)**

33.    Plaintiff's claim for penalties pursuant to, *inter alia*, Labor Code Sections 203, 226, and/or the Fair Labor Standards Act, are barred, in whole or in part, because Defendant had a reasonable, honest, and good faith belief that all of the wages earned by Plaintiff, and any putative class member of the purported class defined in the Complaint, had been paid in a timely and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1                                    7                    Case No. 30-2009-00180146

DEFENDANT'S ANSWER TO COMPLAINT

Exhibit **B** Page **45**

1   lawful manner at the time they were owed.

2

### THIRTY-FOURTH DEFENSE
#### (Due Process/Excessive Fine)

3

4      34.    Although Defendant denies that it has committed or has responsibility for any act

5   that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act

6   or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under

7   numerous provisions of the United States Constitution and the California Constitution, including

8   the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth

9   Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the

10   Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines

11   clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-

12   incrimination clause of Section 15 of Article 1, and other provisions of the California

13   Constitution.

14

### THIRTY-FIFTH DEFENSE
#### (Collateral Estoppel/Res Judicata)

15      35.    The Complaint, and each purported cause of action contained therein, are barred in

16   whole or in part by the doctrines of res judicata and/or collateral estoppel.

17

### RESERVATION OF RIGHTS

18      36.    Defendant reserves the right to assert such additional defenses that may appear and

19   prove applicable during the course of this litigation.

20      WHEREFORE, Defendant prays for judgment as follows:

21      1.    That Plaintiff and each putative member of the purported class action defined in

22          the Complaint take nothing by the Complaint;

23      2.    That the Complaint herein be dismissed in its entirety with prejudice, and that

24          judgment be entered in favor of Defendant and against Plaintiff on all causes of

25          action contained in the Complaint;

26      3.    That Defendant be awarded its reasonable costs and attorneys' fees incurred by

27          this action, including but not limited to, under Section 218.5 of the Labor Code.

28      4.    That Defendant be awarded costs of suit herein; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63483806.1          8          Case No. 30-2009-00180146

DEFENDANT'S ANSWER TO COMPLAINT

Exhibit _B_ Page _46_

1    5.    For such other and further relief as the Court deems just and proper.

2

3

4    Dated: August 7, 2009               MORGAN, LEWIS & BOCKIUS LLP

5

6                              By:   /s/Jennifer White-Sperling

7                               Jennifer White-Sperling
                                Attorneys for Defendant
                               JPMorgan Chase Bank, N.A.

Exhibit B Page 47

1

## PROOF OF SERVICE

2

*Kaminske v. JPMorgan Chase Bank, N.A.*
*OCSC Case No. 30-2009-00180146*

3

4

    I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

5

6

    On August 7, 2009, I served on the interested parties in this action the within document(s) entitled:

7

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

8

9

[ ]   **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

10

11

12

[ X ]   **BY MAIL:  (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

17

[ ]   **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

18

19

20

21

[ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

22

23

24

[ ]   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

25

26

27

28

DB1/63490960.1

Morgan, Lewis &
Bockius LLP
ATTORNEYS AT LAW
Irvine

Exhibit B   Page 48

| | |
|---|---|
| Michael A. Gould, Esq.<br>Aarin A. Zeif, Esq.<br>Gould & Associates<br>17822 E. 17th Street, Suite 106<br>Tustin, California 92780<br>Tel: (714) 669-2850<br>Fax: (714) 544-0800 | *Attorneys for Plaintiff ROY KAMINSKE* |
| Richard A. Jones, Esq.<br>Law Offices of Richard A. Jones<br>1820 E. 17th Street<br>Santa Ana, CA 92705<br>Tel: (714) 480-0200<br>Fax: (714) 480-0423 | *Attorneys for Plaintiff ROY KAMINSKE* |

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[  ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on August 7, 2009, at Irvine, California.

Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63490960.1

-2-

PROOF OF SERVICE

Exhibit ___B___ Page 49

**Martin, Patricia**

| | |
|---|---|
| **From:** | White-Sperling, Jennifer E. |
| **Sent:** | Friday, August 07, 2009 1:52 PM |
| **To:** | Martin, Patricia |
| **Subject:** | FW: Your E-Filing has been received. |

**Jennifer White-Sperling**
Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750 | Irvine, CA 92614
Direct: 949.399.7114 | Main: 949.399.7000 | Fax: 949.399.7001
jwhite-sperling@morganlewis.com | www.morganlewis.com
Assistant: Maureen Elaine Calvert | 949.399.7121 | mcalvert@morganlewis.com

**From:** Complex Civil EFiling [mailto:efilecomplex@occourts.org]
**Sent:** Friday, August 07, 2009 1:51 PM
**To:** White-Sperling, Jennifer E.
**Subject:** Your E-Filing has been received.



Your filing has been **RECEIVED** by the Superior Court. It is not **FILED** at this point, and will be processed in the order in which received.

You will receive another notification when the court **ACCEPTS** or **REJECTS** your filing. Documents are reviewed and prioritized upon receipt and will be processed accordingly.

Filings are only processed during normal work hours. All filings received after 5 p.m. will be processed and considered filed on the next business day.

Effective 9-1-07, attorneys have the option of providing, or partnering with a vendor of their choice to provide, necessary evidence presentation equipment for their hearing at the Civil Complex Center.

| | |
|---|---|
| **Tracking Number:** | 08072009135059-113 |
| **E-Filing Case Number:** | 30-2009-00180146 |
| **Name:** | Jennifer White-Sperling |
| **Email:** | jwhite-sperling@morganlewis.com |
| **Phone Number:** | 949.399.7000 |
| | |
| **Filing Party:** | Attorney |
| **On Behalf of:** | Defendant JPMorgan Chase Bank, N.A. |
| **Client/Matter Number:** | 049065-12-0205 |
| | |
| **Judge Name:** | Hon. Ronald Bauer |
| **Department:** | CX103 |
| **Hearing Date:** | |
| **Hearing Time:** | |
| | |
| **File Attachment 1:** | Kaminske - Answer.pdf |

Exhibit _B_ Page _50_

Description 1:
File Attachment 2:
Description 2:
File Attachment 3:
Description 3:
File Attachment 4:
Description 4:
Message:

Superior Court of California · County of Orange

Exhibit __B__ Page __51__

1

## PROOF OF SERVICE

2

*Kaminske v. JPMorgan Chase Bank, N.A.*

3

4      I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California  92614.

5

6      On August 7, 2009, I served on the interested parties in this action the within document(s) entitled:

7      **DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8

9

10     [   ]    **BY FAX:  -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

11

12

13     [ X ]    **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

18

19     [   ]    **BY OVERNIGHT MAIL  -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

20

21

22     [   ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

23

24

25

26

27

28

DB1/63492309.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

[ ] **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

| | |
|---|---|
| Michael A. Gould, Esq.<br>Aarin A. Zeif, Esq.<br>Gould & Associates<br>17822 E. 17th Street, Suite 106<br>Tustin, California 92780<br>Tel: (714) 669-2850<br>Fax: (714) 544-0800 | *Attorneys for Plaintiff ROY KAMINSKE* |
| Richard A. Jones, Esq.<br>Law Offices of Richard A. Jones<br>1820 E. 17th Street<br>Santa Ana, CA 92705<br>Tel: (714) 480-0200<br>Fax: (714) 480-0423 | *Attorneys for Plaintiff ROY KAMINSKE* |

[ ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on August 7, 2009, at ~~Irvine, California~~.

Patricia Martin



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 918 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[ ]  Western Division** | **[X]  Southern Division** | **[ ]  Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROY KAMINSKE, individually and on behalf of other members of the general public similarly situated, | JP MORGAN CHASE BANK N.A., |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael A. Gould, Esq. <br> Gould & Associates <br> 17822 E. 17th Street, Suite 106, Tustin, CA 92780 (714) 669-2850 | Carrie Gonell, Esq. / Jennifer White-Sperling, Esq. <br> Morgan, Lewis & Bockius LLP <br> 5 Park Plaza, Suite 1750, Irvine, CA 92614 <br> 949.399.7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. §201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

## SACV09- 918 JVS (RNBx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 8-7-09

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## **PROOF OF SERVICE**

2

### *Kaminske v. JPMorgan Chase Bank, N.A.*

3

4    I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California  92614.

5

6    On August 7, 2009, I served on the interested parties in this action the within document(s) entitled:

7    **CIVIL CASE COVER SHEET**

8

9    [   ]    **BY FAX: -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

10

11   [ X ]    **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

16

17   [   ]    **BY OVERNIGHT MAIL  -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

18

19

20

21   [   ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED –** By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

22

23

24   [   ]    **BY ELECTRONIC SERVICE -** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63492309.1

| Michael A. Gould, Esq.<br>Aarin A. Zeif, Esq.<br>Gould & Associates<br>17822 E. 17th Street, Suite 106<br>Tustin, California  92780<br>Tel:  (714) 669-2850<br>Fax:  (714) 544-0800 | *Attorneys for Plaintiff ROY*<br>*KAMINSKE* |
| Richard A. Jones, Esq.<br>Law Offices of Richard A. Jones<br>1820 E. 17th Street<br>Santa Ana, CA  92705<br>Tel:  (714) 480-0200<br>Fax:  (714) 480-0423 | *Attorneys for Plaintiff ROY*<br>*KAMINSKE* |

[  ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on August 7, 2009, at Irvine, California.

Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63492309.1

-2-

PROOF OF SERVICE