RICHARD A. JONES, SBN 117679
LAW OFFICES OF RICHARD A. JONES
1820 E. 17th Street
Santa Ana, CA 92705
Telephone: (714) 480-0200
Facsimile: (714) 480-0423

Michael A. Gould – SBN 151851
Aarin Zeif – SBN 247088
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, #106
Tustin, CA 92780
Phone (714) 669-2850  Fax (714) 544-0800

Attorneys for Plaintiff
ROY KAMINSKE, individually, and on behalf of other members of the general public similarly situated

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
JENNIFER WHITE-SPERLING, SBN 166504
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
Email: cgonell@morganlewis.com
       jwhite-sperling@morganlewis.com

Attorney for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK N.A., and DOES 1 through 25,<br><br>Defendants. | Case No. SACV09-0918 JVS (RNBX)<br><br>Assigned for all purposes to:<br>Hon. James V. Selna<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:    November 30, 2009<br>Time:   10:30 a.m.<br>Dept.    10C<br><br>Complaint Filed: July 6, 2009<br>Trial Date:       None Set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63934349.4

JOINT RULE 26(F) REPORT
CASE NO. SACV09-0918

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Standing Order for the Honorable James V. Selna of the United States District Court for the Central District of California, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines, dated September 18, 2009, counsel for Plaintiff ROY KAMINSKE ("Plaintiff"), and Defendant JPMORGAN CHASE BANK, N.A. ("Defendant"), state as follows:

**A.   Synopsis:**

This is a putative class action for: (1) failure to reimburse business expenses; (2) failure to provide itemized wage statements; (3) waiting time penalties; (4) restitution for overtime wages under the Fair Labor Standards Act pursuant to Business & Professions Code § 17200; and (5) unfair business practices under Business & Professions Code § 17200.

Plaintiff was formerly employed by Defendant as a Loan Officer, and brings all claims on behalf of all Loan Officers who worked for Defendant in California at any time during the past four years.

Defendant JPMorgan Chase Bank, N.A. denies all liability and asserts that Plaintiff and each putative class member is not entitled to overtime compensation because Plaintiff and each putative class member is and was properly classified as an exempt employee.  Defendant asserts that it properly classified Plaintiff and each of the putative class members, defined by Plaintiff as Defendant's "Loan Officers," as exempt under California and Federal law, including, but not limited to, California's executive, administrative, outside sales exemption, and/or commissioned employee exemptions (*see* California Industrial Welfare Commission Wage Order 4-2001 Sections 1(A)(1), 1(A)(2), 1(C) and 3(D)), and the Fair Labor Standards Act's retail, executive, administrative, outside sales, and highly-compensated exemptions (*see* 29 U.S.C. Sections 207(i), 213(a)(1), and 213(a)(17); and 29 C.F.R. § 541.601).  Defendant further asserts that it timely paid Plaintiff and each of the putative class members all wages due, that it properly

1  reimbursed Plaintiff's and each putative class members' business expenses, and that
2  it issued Plaintiff and each of the putative class members accurate itemized wage
3  statements.
4      Finally, due to the individualized inquiry that must be conducted to
5  determine whether each of the putative class members is entitled to recover for the
6  alleged violations, Defendant asserts that class certification is not appropriate in this
7  action.

**B.    Legal Issues:**

1.    Whether class treatment under FRCP 23 is appropriate in this matter, including, but not limited to: (a) whether common questions would predominate in the adjudication of the claims in Plaintiff's Complaint; (b) whether Plaintiff's claims are typical of each other putative class member she seeks to represent, and whether the claims of those putative class members are typical of each other; (c) whether a class action is the superior method of resolving Plaintiff's claims; (d) whether Plaintiff can adequately represent each other putative class member she seeks to represent; and (e) whether counsel is adequate to represent the class;

2.    Whether Plaintiff and each of the putative class members qualify as exempt from overtime compensation under any applicable legal exemption (including, but not limited to, application of the salary basis and duties tests exemptions, as well as application of California and Federal law);

3.    Whether Plaintiff and each of the putative class members worked over eight (8) hours per day and/or forty (40) hours per week;

4.    Whether Defendant properly complied with California's requirements pertaining to wage statements with respect to Plaintiff and each of the putative class members;

5.    Whether Defendant promptly paid all wages due to Plaintiff and each of the putative class members upon their discharge or resignation;

6.    Whether Defendant's conduct with respect to the violations alleged by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63934349.4                    2                    JOINT RULE 26(F) REPORT
                                                       CASE NO. SACV09-0918

Plaintiff was willful;

    7. Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code §17200, et seq. with relation to Plaintiff and each other member of the putative class;

    8. What the appropriate amount of compensatory damages would be if Defendant were found to have violated the law; and

    9. What the appropriate amount of monetary penalties would be if Defendant were found to have violated the law.

**C.**     **Damages:**

Plaintiff's Initial Disclosures state that, although additional discovery is needed for an accurate assessment of damages, Plaintiff estimates that he is entitled to over $44,000 in unpaid overtime. Moreover, based on an approximate class size of 1250, Plaintiff estimates that the putative class could be entitled to over $21 million on the overtime claim alone.

**D.**     **Insurance:**

JPMorgan Chase Bank, N.A. does not have insurance coverage applicable to the claims at issue.

**E.**     **Motions:**

Defendant anticipates that it will file a motion to amend its Notice of Removal to add the Class Action Fairness Act as an independent basis for removal jurisdiction. Otherwise, the parties do not anticipate filing motions to add other parties or claims; to file amended pleadings; or to transfer venue.

**F.**     **Discovery and Experts:**

Pursuant to Rule 26(a), the parties met and conferred on October 21, 2009 and exchanged Initial Disclosures on November 2, 2009. In addition, Defendant served document requests on Plaintiff on October 21, 2009, and noticed Plaintiff's deposition for November 24, 2009.

The allegations in this matter implicate the individual employment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63934349.4      3      JOINT RULE 26(F) REPORT
CASE NO. SACV09-0918

1  circumstances of Plaintiff, and an additional large number of employees and former
2  employees over a lengthy time period across the entire state.  Accordingly, the
3  parties agree that the first phase of discovery should be limited to issues relevant to
4  Defendant's anticipated Motion for Summary Judgment and/or class certification
5  issues.  This will save both the parties and the court the time and expense of
6  engaging in a vast amount of merits-related discovery, only to later discover that
7  the proper scope was far narrower if - as Defendant contends - this Court rules that
8  Plaintiff's individual claims have no merit and/or that the matter may not proceed
9  as a class action.  *See*, *Larson v. Burlington Northern & Santa Fe R. Co.*, 210
10 F.R.D. 663, 666 (D. Minn. 2002) (bifurcating discovery where the claims were
11 "potentially fraught with factual distinctions which could render certification
12 problematic"); *Plummer v. Chicago Journeyman*, 77 F.R.D. 399, 402 (N.D. Ill.
13 1977) (stating that the "bifurcated approach to discovery is the properly and most
14 efficient way to administer this class action").
15     In addition, the parties will submit a protective order to the Court regarding
16 proprietary and otherwise sensitive information, pursuant to Rule 26(c).
17     Finally, attached hereto as Exhibit A is the Presumptive Schedule of Pretrial
18 Dates, on which the parties indicate proposed discovery deadlines relating to class
19 certification.

20 **G.    Dispositive Motions:**

21     Plaintiff anticipates filing a Motion for Class Certification and potentially a
22 Motion for Summary Judgment, or in the alternative, Partial Summary Judgment.
23 Plaintiff anticipates this motion would be predicated on whether putative Class
24 Members were properly classified as exempt.
25     Defendant anticipates filing a Motion for Summary Judgment, or in the
26 alternative, Partial Summary Judgment, on Plaintiff's claims and/or the claims of
27 the putative class members.  Defendant anticipates that its motion will seek a ruling
28 that Plaintiff and/or other putative class members are exempt from the overtime

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63934349.4                                4                    JOINT RULE 26(F) REPORT
                                                                   CASE NO. SACV09-0918

1  compensation requirements under California and/or Federal law.

**H.    Settlement and Settlement Mechanism:**

Counsel for Plaintiff and Defendant have discussed settlement in a preliminary fashion pursuant to Local Rule 16-15. The parties have selected Settlement Procedure No. 3, i.e., non-judicial dispute resolution.

**I.    Trial Estimate:**

The parties estimate that trial will last 5 days for Plaintiff's individual claims, and 60 days for the putative class members' claims in the event a class is certified in this matter. Plaintiff has demanded a jury trial. At this juncture, the parties cannot accurately state now many witnesses they anticipate calling at trial. This factor will largely depend on whether the purported class is certified.

**J.    Timetable:**

*See* Exhibit A, Presumptive Schedule of Pretrial Dates.

**K.    Other Issues:**

Pursuant to this Court's Order on September 10, 2009, another pending action, *Christiansen v. JPMorgan Chase Bank*, N.A., Case No. CV 09-06352 JVS (RNBx) (C.D. Cal.), has been marked as related to this case.

**L.    Conflicts:**

As set forth in Defendant's Disclosure Statement, JPMorgan Chase & Co. owns 10% or more of JPMorgan Chase Bank, N.A.'s stock..

**M.    Patent Cases:**

This is not a patent case.

/ / /

/ / /

/ / /

/ / /

**N.   Magistrates:**

The parties do not consent to a magistrate.

Dated: November 23, 2009          LAW OFFICES OF RICHARD A. JONES
                                  GOULD & ASSOCIATES


                                  By  /s/Richard A. Jones
                                      Richard A. Jones
                                      Attorneys for Plaintiff
                                      ROY KAMINSKE

Dated: November 23, 2009          MORGAN, LEWIS & BOCKIUS LLP


                                  By  /s/Carrie A. Gonell
                                      Carrie A. Gonell
                                      Attorneys for Defendants
                                      JPMORGAN CHASE BANK, N.A.