1  JAMES KAWAHITO (SBN 234851)
   Email: james@kawahitoshraga.com
2  DAVID SHRAGA (SBN 229098)
   Email: david@kawahitoshraga.com
3  SHAWN C. WESTRICK (SBN 235313)
   Email: shawn@kawahitoshraga.com
4  KAWAHITO & SHRAGA LLP
   11845 W. Olympic Blvd. Suite 665
5  Los Angeles, California 90064
   Telephone: (310) 746-5300
6  Facsimile: (310) 593-2520

7  Attorneys for Plaintiff Gail Christiansen
   and Class Members
8
   MORGAN, LEWIS & BOCKIUS LLP
9  CARRIE A. GONELL, SBN 257163
   JENNIFER WHITE-SPERLING, SBN 166504
10 MICHELLE GRIFFITH-JONES, SBN 259914
   5 Park Plaza, Suite 1750
11 Irvine, CA 92614
   Tel: 949.399.7000
12 Fax: 949.399.7001
   Email: cgonell@morganlewis.com
13 jwhite-sperling@morganlewis.com
   mgriffithjones@morganlewis.com
14
   Attorneys for Defendants
15 JPMORGAN CHASE BANK, N.A., et al.

16

17            **UNITED STATES DISTRICT COURT**

18       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19 | ROY KAMINSKE, et al.,

20            Plaintiffs,

21     vs.

22

23 | JPMORGAN CHASE BANK, N.A.,

24            Defendants.

25

26

27

28

Case Number:  SACV 09-918 JVS (RNBx)

[Consolidated with case SACV 09-6352 JVS (RNBx)]

[Assigned to the Hon. Robert N. Block for discovery matters]

**DISCOVERY MATTER**

**JOINT STIPULATION RE MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF CHRISTIANSEN'S**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ///

28

**INTERROGATORIES SET ONE**

Date:          April 6, 2010
Time:          9:30 a.m.
Place:         Courtroom 6D

Class Discovery cutoff: August 16, 2010
Pretrial Conference: March 14, 2011
Trial: March 29, 2011

- 1 -

DB2/21563630 4

1

# Table of Contents

2   I.      PLAINTIFF'S INTRODUCTION...................................................................... 4

3           A.      Plaintiff's Discovery.............................................................................. 4

4           B.      Plaintiff's Meet and Confer Efforts........................................................ 5

5   II.     DEFENDANT'S INTRODUCTION................................................................ 5

6   III.    DISCOVERY IN DISPUTE........................................................................... 8

7   PLAINTIFF'S RESPONSE ................................................................................. 9

8           A.      District Courts Routinely Order Disclosure of Class Member Identities

9                   Without Applying a Prima Facia Analysis Supported by Defendant .... 9

10          B.      Defendant's Privacy Objection Is Meritless........................................ 14

11          C.      Defendant's Vague and Ambiguous Objection Is Meritless............... 17

12          D.      Defendant's Standing Objection Is Meritless...................................... 17

13          E.      Defendant's Unduly Burdensome and Oppressive Objection Is

14                  Meritless ............................................................................................. 18

15          F.      Defendant's Relevancy Objection Is Meritless................................... 18

16  DEFENDANT'S RESPONSE ............................................................................ 19

17          A.      Plaintiff Has Not Established, And Cannot Establish, A Prima Facie

18                  Showing That She Can Maintain A Rule 23 Class Claim. .................. 21

19          B.      Plaintiff Has Not Established, And Cannot Establish, That Discovery

20                  Of The Putative Class Members' Contact Information Is Likely To

21                  Produce Evidence That Will Substantiate Her Allegations. ................ 24

22          C.      Plaintiff's Interrogatory Seeks Information Protected By The Putative

23                  Class Members' Right To Privacy. ...................................................... 27

24          D.      Plaintiff's Interrogatory Is Vague and Ambiguous.............................. 29

25          E.      Plaintiff Does Not Have Standing To Bring Claims On Behalf Of All

26                  Employees With "Other Titles And Similar Duties." .......................... 29

27          F.      Plaintiff's Interrogatory Is Unduly Burdensome and Oppressive........ 30

28

1          G.    Plaintiff's Interrogatory Seeks Irrelevant Information.......................... 30

2          H.    If The Court Is Inclined To Grant Any Part Of Plaintiff's Request, Any

3                Such Discovery Should Be Limited To A Small Sampling Of The

4                Putative Class Members' Contact Information. .................................... 31

5   IV.    CONCLUSION................................................................................................. 33

6          A.    Plaintiff's Conclusion .......................................................................... 33

7          B.    Defendant's Conclusion ....................................................................... 33

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/21563630.4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PLAINTIFF'S INTRODUCTION

#### A.   Plaintiff's Discovery

Plaintiff Gail Christiansen (hereinafter "Plaintiff") was formerly employed by Defendant JPMorgan Chase Bank (hereinafter "Defendant" or "JPMorgan") as a Loan Officer, and brings the present matter as a putative class action on behalf of all Loan Officers who worked for Defendant in California.  Plaintiff contends that Defendant improperly classified her and the other putative class members as exempt employees, i.e., employees not entitled to overtime pay.  She asserts claims on behalf of herself and the class for:  (1) unpaid overtime; (2) failure to provide itemized wage statements; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) unlawful deductions from wages; (6) failure to reimburse expenses; (7) violation of Labor Code sections 222 and 223 by failing to pay vested wages; (8) failure to pay wages on termination; and (9) violation of the UCL, based on aforementioned violations and failure to pay overtime under the FLSA.

Plaintiff's first set of Interrogatories seeks information that is commonly provided in wage and hour class actions.  There is no basis for Defendant's refusal to provide the information sought in Plaintiff's Interrogatory No. 4.  Plaintiff seeks information regarding the identities of putative class members.  This information is necessary for certification.

Class members are not only potential parties to a class action – they are also witnesses.  Defendant's refusal to disclose their identities is a thinly-veiled attempt to retain exclusive control over witnesses which is unfair and cannot be allowed.  The information the witnesses have will contribute to Plaintiff's ability to demonstrate the commonality element at certification.

1    **B.    Plaintiff's Meet and Confer Efforts**

2    On November 6, 2009, Plaintiff Christiansen served Interrogatories, Set One,

3    Request for Production of Documents, Set One and Request for Admissions, Set

4    One on Defendant. (Declaration of Shawn Westrick, dated February __, 2010

5    ["Westrick Decl."] at ¶ 3, Ex. A [attaching only the set of Interrogatories that is the

6    subject of the present motion].) On January 21, 2010, Defendant served its

7    objections and responses to Plaintiff's discovery. (Westrick Decl. at ¶ 4, Ex. B.)

8    On January 22, 2010, Plaintiff's counsel sent a meet and confer letter under

9    Local Rule 37-1 to conduct a teleconference regarding Defendant's responses.

10    (Westrick Decl. at ¶ 5, Ex. C.) On February 3, 2010, the parties conducted the meet

11    and confer. (Westrick Decl. at ¶ 6.) Unfortunately, the attempt to compromise as to

12    Interrogatory No. 4 was unsuccessful. Plaintiff offered to send a privacy notice to

13    which Defendant refused. (Westrick Decl. at ¶ 7.) Defendant offered no

14    compromise. (Westrick Decl. at ¶ 8.) Defendant responded via a letter that Plaintiff

15    was not entitled to learn of the percipient witnesses to this action. (Westrick Decl.

16    at ¶ 9, Ex. D.) On February 12, Defendant supplemented its responses to Plaintiff's

17    Interrogatories, Set One, Request for Production of Documents, Set One and

18    Request for Admissions, Set One. (Westrick Decl. at ¶¶ 10-13, Exs. E-H

19    [Defendant's original responses to Plaintiff's Interrogatories, Set One and the

20    supplemental responses to all three sets of discovery].)

21    **II.    DEFENDANT'S INTRODUCTION**

22    In this putative wage and hour class action, Plaintiff Gail Christiansen

23    ("Plaintiff" or "Christiansen"), a former Loan Officer for Defendant JPMorgan

24    Chase Bank, N.A. ("Defendant" or "Chase"), purports to represent a putative class

25    of "[a]ll persons who have been employed by Defendant in the State of California

26    within the relevant time periods prior to the filing of this complaint until the

27    resolution of this lawsuit and who held or hold the positions of Loan Officer or

28

1   other titles with similar job duties." Pl.'s Consolidated Complaint ("Complaint")

2   ¶ 13. Through this Motion to Compel, Plaintiff seeks the contact information and

3   other private information of each and every putative class member – over 1,700

4   individuals. Plaintiff's motion is without merit and should be denied in its entirety.

5   Contrary to Plaintiff's contention, she is not entitled to the contact and other

6   personal information of each and every member of the putative class because:

7   (1) Plaintiff has not established, and cannot establish, a *prima facie* showing that a

8   class action is maintainable; (2) Plaintiff has not established, and cannot establish,

9   that discovery of the putative class members' contact information is likely to

10  produce evidence that will substantiate her allegations; (3) Plaintiff seeks

11  information protected by the putative class members' right to privacy; and

12  (4) Plaintiff's Interrogatory is objectionable on multiple grounds.

13       The Ninth Circuit has made clear that pre-certification discovery on a class-

14  wide basis is simply not permissible *unless* the plaintiff can show that a class action

15  is maintainable or that the discovery is necessary to substantiate class allegations.

16  *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases

17  a district court should allow discovery to aid the determination of whether a class

18  action is maintainable, the plaintiff bears the burden of advancing a *prima facie*

19  showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that

20  discovery is likely to produce substantiation of the class allegations."). Here,

21  Plaintiff can make no such showing. Indeed, two California courts have not only

22  declined to certify the very same claims against Defendant brought by Plaintiff in

23  this action, but also denied requests in both cases for the same name and contact

24  information sought by Plaintiff here. *See Trinh v. JPMorgan Chase & Co., et al.*,

25  Order Denying Motion for Conditional Class Certification, Case No. 3:07-cv-1666

26  (S.D. Cal. Apr. 22, 2008) (holding that Defendant's Loan Officers were not

27  similarly situated in collective action claim seeking overtime pay and that the

28

1  plaintiff was not entitled to the names and addresses of all current and former Loan
2  Officers because "whether JPMorgan loan officers are 'exempt' necessarily involves
3  a fact-by-fact inquiry into the circumstances of each employee to see if he or she
4  falls within an administrative, outside sales, highly compensated, combination, or
5  any other exemption"); *Sorensen v. JPMorgan Chase Bank, N.A., et al.*, Order
6  Denying Motion for Class Certification, Case No. BC 385566 (Los Angeles Super.
7  Ct. October 16, 2009) (denying class certification in case seeking expense
8  reimbursements on behalf of Loan Officers because plaintiff could not establish the
9  commonality or superiority elements required for class certification given that
10  "[e]ach member of the proposed class in this instance has a different set of facts
11  pertaining to potential recovery"); *Sorensen v. JPMorgan Chase Bank, N.A., et al.*,
12  Order Denying Plaintiff's Motion to Compel, Case No. BC 385566 (Los Angeles
13  Super. Ct., Apr. 20, 2008) (denying plaintiff's request for contact information of
14  Defendant's Loan Officers).  Moreover, the Ninth Circuit has recently denied class
15  certification in two misclassification cases brought by Loan Officers on the grounds
16  that, as here, their claims were inherently individual and could not be adjudicated on
17  a class-wide basis. *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571
18  F.3d 953 (9th Cir. 2009) and *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935
19  (9th Cir. 2009), *reh'g denied*, Case No. 08-55223 (9th Cir. Aug. 18, 2009).
20       In this action, Plaintiff filed a "copycat" case and seeks to undo the previous
21  rulings of two courts holding that Plaintiff's claims here are necessarily
22  individualized and cannot proceed as a class action.  Defendant should not be
23  compelled to again litigate, on a classwide basis, the precise claims that have
24  already been found unsuitable for class treatment.  In her efforts to force Defendant
25  and this Court to re-litigate issues already decided, Plaintiff seeks sweeping
26  classwide discovery without even attempting to make the prima facie showing that
27  her claims can be litigated in a class action as required by the Ninth Circuit.
28

1   Accordingly, Plaintiff is not entitled to the class-wide contact information that she
2   seeks.

3   **III.   DISCOVERY IN DISPUTE**

4   INTERROGATORY NO. 4:

5          Provide the name, most recently known address, mostly recently known
6   telephone number(s), job title(s), dates of hire, and dates of termination, if any, for
7   all COVERED EMPLOYEES employed by YOU in the State of California, during
8   the RELEVANT TIME PERIOD.

9   RESPONSE TO SPECIAL INTERROGATORY NO. 4:

10          Defendant objects to this Interrogatory on the grounds that the definition of
11   the term "COVERED EMPLOYEES" is vague and ambiguous, including to the
12   extent it covers employees with "other titles and similar duties."  Defendant further
13   objects to the defined term "COVERED EMPLOYEE" on the grounds that Plaintiff
14   does not have standing to represent employees or former employees who Plaintiff
15   defines as "COVERED EMPLOYEES."  Defendant further objects to this
16   Interrogatory on the grounds that it is unduly burdensome and oppressive.
17   Defendant further objects to this Interrogatory on the grounds that it seeks
18   information not relevant to the subject matter of this action, nor reasonably
19   calculated to lead to the discovery of admissible evidence.  Defendant further
20   objects to this Interrogatory to the extent it seeks information that cannot be
21   disclosed without violating the right to privacy of Defendant and its current and
22   former agents, contractors and/or employees in violation of the United States
23   Constitution and the California Constitution.  Defendant further objects to this
24   Interrogatory to the extent it seeks information about putative class members on the
25   grounds that discovery regarding putative class members in a class action where no
26   class has been adequately identified, certified, or would be maintainable is
27   inappropriate and premature.

28

PLAINTIFF'S RESPONSE

A.   **District Courts Routinely Order Disclosure of Class Member Identities Without Applying a Prima Facia Analysis Supported by Defendant**

It is beyond reasonable dispute that the Loan Officers in this matter are witnesses to Defendant's wage and hour practices.  Defendant retains unfettered access to witnesses in this case, while obstructing Plaintiff's access.  The only party that benefits from this impediment is Defendant.  Since the inception of this case, Defendant has had the ability to contact putative class members while Plaintiff has lacked such access.  The names and contact information of the class members is discoverable pre-certification because "[contact with class members] could lead to the discovery of admissible evidence relevant to the class certification issue." *Babbitt v. Albertson's, Inc.*, 1992 U.S. Dist. LEXIS 19091, *16-*17 (N.D. Cal. Dec. 1, 1992) (motion to compel identities of 40,000 prospective class members in employment discrimination class action granted over employer's objections based on privacy and burden grounds).  District courts routinely allow access to this information without a *prima facia* demonstration by plaintiff.

It is beyond reasonable dispute that class members provide probative information concerning certification.  For instance, in a class action brought on behalf of discharged or demoted employees under the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 621 et seq., the United States Supreme Court held the contact information of the discharged employees was discoverable, as follows:

> The District Court was correct to permit discovery of the names and addresses of the discharged employees. Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were not grounds to limit the discovery under the facts and circumstances of this case.

- 9 -

1  *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Int'l Brotherhood of*
2  *Teamsters v. United States*, 431 U.S. 324, 339 (1977) (in class action alleging
3  discrimination, use of declaration testimony supported inferences provided by
4  statistical analysis; testimony about "personal experiences with the company
5  brought the cold numbers convincingly to life").

6       District courts do not typically engage in an initial *prima facia* analysis of a
7  plaintiff's case to determine if discovery regarding class member identities is
8  permissible. *See, e.g., Ho v. Ernst & Young, LLP*, 2007 U.S. Dist. LEXIS 37700
9  (N.D. Cal. May 9, 2007); *Wiegele v. Fedex Ground Package System*, 2007 U.S.
10  Dist. LEXIS 9444 (S.D. Cal. Feb. 8, 2007); *Sanbrook v. Office Depot*, 2009 U.S.
11  Dist. LEXIS 30852 (N.D. Cal. Mar. 30, 2009); *Jimenez v. Domino's Pizza*, LLC,
12  2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 13, 2006); *Tierno v. Rite Aid Corp.*,
13  2008 U.S. Dist. LEXIS 58748 (N.D. Cal. July 31, 2008).  Nevertheless, even if this
14  Court requires such an analysis, Plaintiff satisfies her burden.

15       Even when district courts do engage in a *prima facia* analysis, disclosure of
16  witness identities is often compelled.  When a plaintiff cannot demonstrate that
17  discovery will assist the certification elements, district courts can limit the discovery
18  in a class action.  In *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985), a job
19  applicant was an epileptic and was denied a job.  The plaintiff filed a lawsuit.  The
20  district court limited discovery to job applicants in the state of Arizona. *Id.* at 1420.
21  The plaintiff was unable to demonstrate that the discovery sought would produce
22  information substantiating the class allegations. *Id.* at 1424-25.  In the absence of
23  any showing that discovery would produce relevant information, a district court has
24  authority to deny discovery to a plaintiff.  However, that is not the situation in the
25  present case.

26       When district courts have considered whether a *prima facia* showing has been
27  made, the courts are clear that the analysis is not as thorough as a Rule 23 motion

28

for class certification. *Barnhart v. Safeway Stores, Inc.*, 1992 U.S. Dist. LEXIS 22572, *9 (E.D. Cal. Dec. 11, 1992) (holding that in determining when to allow pre-certification discovery a court must recognize that it is not the time to decide whether a class will be certified). When plaintiffs can demonstrate that discovery will be relevant to certification issues, district courts grant motions to compel further responses. *Id.* at *10 (allowing discovery into employer's practices and into employees in dissimilar positions because the discovery would assist in demonstrating commonality and typicality). A plaintiff need only demonstrate allegations of general policies applicable to the alleged putative class. *Id.* at *15.

The reasoning applied in *Barnhart* has found favor in other courts as well. When a plaintiff merely demonstrates how the proposed discovery will assist in establishing the certification elements, district courts, applying the *prima facia* analysis supported by Defendant, have compelled further discovery from reluctant defendants. *Long v. Hewlett-Packard, Co.*, 2006 U.S. Dist. LEXIS 94013, *8-*9 (N.D. Cal. Dec. 19, 2006) (compelling discovery upon plaintiff's showing that discovery would provide relevant information); *Lewis v. First American Title Ins. Co.*, 2008 U.S. Dist. LEXIS 43518, *9-*10 (D. Idaho June 2, 2008) (holding that plaintiff's allegations in the complaint and evidence from one state was sufficient to demonstrate systematic abuse and to compel further responses into a multi-state class action); *Kingsberry v. Chicago Title Ins. Co.*, 258 F.R.D. 668 (W.D. Wash. 2009) (same).

Failure to allow discovery where there are substantial factual issues relevant to certification make it impossible for a party seeking discovery to make an adequate presentation at certification. *Lewis*, 2008 U.S. Dist. LEXIS 43518, *11-*12. Therefore, it is a better practice to allow discovery to proceed and then allow a presiding judge to determine whether to grant certification after the facts are known. This allows for a more informed decision at certification. *Id.*

1   The identities of putative class members will lead to the discovery of
2   important information for certification.  As discussed in a number of cases, class
3   members are critical witnesses to Defendant's policies and practices.  *Belaire-West*
4   *Landscape, Inc.*, 149 Cal. App. 4th 554, 562 (2008) (holding that both current and
5   former employees are witnesses and therefore discoverable); *Puerto v. Super. Ct.*
6   *(Wild Oats)*, 158 Cal. App. 4th 1242, 1249-50 (2008) (same).  Interviewing Loan
7   Officers will assist Plaintiff in demonstrating critical facts that will support the
8   elements of certification.

9   Here Plaintiff can establish the minimal requirements established in a *prima*
10  *facia* analysis.  The class is so numerous as to make joinder impractical.  (Westrick
11  Decl. at ¶ 4, Ex. B [Responses to Interrogatories Nos. 1 and 2, stating 1240 total
12  Loan Officers employed during the class period].)  The class is easily ascertainable
13  via the Defendant's own employment records.  Wage Order 4-2001 § 7 requires
14  employers to keep track of the same information sought by Plaintiff Christiansen.

15  The class shares a set of common facts.  One compensation policy applies to
16  the entire class.  (Westrick Decl. ¶ 13.)  Because Defendant has classified Loan
17  Officers as exempt it has not tracked the hours worked by Loan Officers (*Id.* at ¶ 10,
18  Ex. E [Supplemental Response to Interrogatory No. 6]; ¶ 11, Ex. F [Supplemental
19  Responses to Request for Production No. 13]; ¶ 12, Ex. G [Supplemental Responses
20  to Request for Admission Nos. 7-9].)  Defendant has never paid overtime to Loan
21  Officers.  (*Id.* at ¶ 11, Ex. F [Supplemental Responses to Request for Production
22  Nos. 14-15, 18]; ¶ 12, Ex. G [Supplemental Responses to Request for Admission
23  Nos. 10-11].)  Defendant has not tracked whether Loan Officers take meal breaks
24  and has never paid a Loan Officer for a missed meal break.  (*Id.* at ¶ 11, Ex. F
25  [Supplemental Responses to Request for Production No. 10]; ¶ 12, Ex. G
26  [Supplemental Responses to Request for Admission Nos. 2-5.)  Defendant has not

27
28

1  tracked whether Loan Officers take rest breaks.  (*Id.* at ¶ 11, Ex. F [Supplemental
2  Response to Request for Production No. 11].)[1]

3          Plaintiff Christiansen anticipates that Defendant will argue that the recent
4  Ninth Circuit opinions in *In re Wells Fargo Home Mortgage Overtime Pay*
5  *Litigation*, 571 F.3d 953 (9th Cir. 2009) and *Vinole v. Countrywide Home Loans,*
6  *Inc.*, 571 F.3d 935 (9th Cir. 2009), support Defendant's position that certification is
7  not appropriate in loan officer misclassification cases.  That is not the holding of
8  either case.  The *Wells Fargo* and *Vinole* cases stand for the simple proposition that
9  certification is not appropriate when a plaintiff only presents evidence of a common
10  policy of classifying a group of employees as exempt.  *Wells Fargo*, 571 F.3d at 958
11  (blanket application of exemption insufficient to certify a class); *Vinole*, 571 F.3d at
12  946 (same).  Moreover, to the extent that JPMorgan chooses to rely on *Trinh v.*
13  *JPMorgan Chase & Co., et al.*, 2008 U.S. Dist. LEXIS 33016 (S.D. Cal. Apr. 22,
14  2008), it suffices to say that the plaintiffs in *Trinh* filed the motion for conditional
15  certification under the FLSA shortly after filing the complaint and offered scant
16  evidence to support its request for conditional certification.  Here, Plaintiff
17  Christiansen intends to diligently conduct discovery and present a significantly more
18  prepared brief for certification.

19          Interviewing Loan Officers will lead to such relevant information such as the
20  reasonable expectations Defendant had regarding Loan Officer's duties.  Similar
21  experiences by Loan Officers in carrying out their duties will assist in rebutting any
22  presumption that analyzing the misclassification of Loan Officers will vary in

23
24
25

26  [1]      JPMorgan's failure to track meal and rest breaks is especially problematic as to its
    affirmative defense that Loan Officers were exempt under the sales commission
27  exemption.  This exemption does not relieve an employer of providing meal and rest
    breaks.  Wage Order 4-2001 § 3(D).
28

1  geographic scope[2] or type of loans that were handled.  Moreover, Loan Officers will
2  provide information regarding the fact that their job was evaluated on all levels by
3  the loans that were created.  This will undercut Defendant's expected affirmative
4  defense that the Loan Officers are administratively exempt. *See, e.g.*, *Davis v. J.P.*
5  *Morgan Chase & Co.*, 587 F.3d 529 (2nd Cir. 2009) (holding that underwriters of
6  loans were not administratively exempt based on, *inter alia*, the underwriters' job
7  was to sell loan products).  Loan Officers will also have valuable information about
8  the amount of time, if any, they spend outside of the office performing their duties.
9  This information is necessary to defend against Defendant's affirmative defense that
10  Loan Officers were exempt pursuant to the outside exemption pursuant to Wage
11  Order 4-2001 § 1(C).  Further, Loan Officers will have critical information
12  regarding the fact that they missed meal and rest breaks as alleged by Plaintiff
13  Christiansen.  Loan Officers will also offer critical evidence regarding expenses they
14  incurred, but unreimbursed by Defendant.

15       Therefore, consistent with *Barnhart*, *Long*, *Lewis* and *Kingsberry*, Plaintiff
16  has demonstrated a *prima facia* case based on Defendant's discovery responses as
17  well as the fact that access to the same witnesses that Defendant currently has access
18  to will likely result in the discovery of relevant information for certification.
19  Plaintiff is entitled to an order directing Defendant to produce further responses to
20  Interrogatory No. 4.

21       **B.    Defendant's Privacy Objection Is Meritless**

22       Particularly in wage and hour class actions, federal courts have recognized the
23  simple fact that class members are essential witnesses necessary for certification.
24  *Ho*, 2007 U.S. Dist. LEXIS 37700, *3 ("contact information is relevant to *both* the
25  merits and class certification") (emphasis in original); *Wiegele*, 2007 U.S. Dist.

26  _____

27  [2]     On the other hand, if the employer is correct that the violations are isolated, contact
   with the class members may persuade their counsel to limit the scope of the class or to
28  abandon it altogether, thereby increasing judicial economy.

1   LEXIS 9444, *5 ("the Magistrate Judge [properly] determined that putative class

2   members possess relevant discoverable information concerning issues dealing with

3   Plaintiff's wage and hour claims, as well as class certification issues"); *Sanbrook v.*

4   *Office Depot*, 2009 U.S. Dist. LEXIS 30852, *2 (N.D. Cal. Mar. 30, 2009) (same);

5   *Jimenez v. Domino's Pizza*, LLC, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 13,

6   2006) (same).

7        Likewise, the California Supreme Court and intermediate appellate court have

8   universally held that class member contact information is essential for supporting

9   class certification motions and is thus discoverable despite a privacy objection.

10  *Pioneer Electronics (USA), Inc.*, 40 Cal. 4th 360, 373 (in consumer class action,

11  "[c]ontact information regarding the identity of potential class members is generally

12  discoverable, so that the lead plaintiff may learn the names of other persons who

13  might assist in prosecuting the case"); *Belaire-West*, 149 Cal. App. 4th at 562

14  ("current and former employees are potential percipient witnesses to [employer's]

15  employment and wage practices, and as such their identities and locations are

16  properly discoverable."); *Puerto*, 158 Cal. App. 4th at 1249-50 (class members are

17  witnesses, and their contact information is discoverable).

18       In fact, under California law, the information potentially garnered from class

19  members is so highly probative of certification that a trial court's denial of

20  certification will be reversed if the named-plaintiff is denied access to the class

21  members. *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1338 (2008) ("Because of

22  the trial court's erroneous discovery order [denying named-plaintiff's motion to

23  compel class members' identities and contact information], Lee lacked the means to

24  develop evidence capable of supporting his motion for class certification").  In that

25  vein, California courts have disclosed information to plaintiff's counsel without the

26  use of any notice. *See, e.g., Crab Addison, Inc. v. Super. Ct. (Martinez)*, 169 Cal.

27

28

JOINT STIP. RE MOT. TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE

DB2/21563630.4

1 | App. 4th 958 (2008).  As discussed above, Loan Officers possess valuable
2 | information that will assist in the eventual motion for class certification.

3 |       It would be unfair to order a notice to be sent without also limiting
4 | Defendant's access to Loan Officers who chose not be contacted.  Allowing one
5 | party to control access to all relevant discovery while simultaneously denying equal
6 | access to other parties is contrary to the discovery rules.  "Generally, the purpose of
7 | discovery is to remove surprise from trial preparation so the parties can obtain
8 | evidence necessary to evaluate and resolve their dispute." *Oakes v. Halvorsen*
9 | *Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Jimenez*, 2006 U.S. Dist.
10 | LEXIS 66510 at *3 (ordering pre-certification production of the identities of all
11 | prospective class members in wage-and-hour class action); *Campbell v. Wood*, 18
12 | F.3d 662, 723 (9th Cir. 1994) ("We ordinarily understand that the truth is most
13 | readily uncovered when each party has equal access to the evidence").

14 |       The principle that all parties have equal access to all discovery, especially
15 | including access to all prospective class members, was articulated in another wage-
16 | and-hour class action in the Southern District.  *Wiegele*, 2007 U.S. Dist. LEXIS
17 | 9444 at *11.  Other district courts have also supported this reasonable view of class
18 | members.  In *Ho*, this issue was squarely addressed.  The employer in *Ho* objected
19 | to the disclosure of identities and contact information of prospective class members,
20 | though agreed to provide 25% of the names pursuant to an opt-out notice procedure.
21 | *Ho*, 2007 U.S. Dist. LEXIS 37700 at *4-*5.  After the named-plaintiff received the
22 | limited sample, he filed a motion to compel all remaining names.  *Id.*  The employer
23 | argued that the named-plaintiff already had in his possession access to a subset of
24 | the entire class, which should result in sufficient information to move for
25 | certification.  *Id.* at *6.  The court disagreed, stating "defendant's frustration that
26 | plaintiff will not agree to a compromise does not affect plaintiff's right to seek all

27
28

1 relevant non-privileged discovery." *Id.* The court granted the plaintiff's motion to
2 compel the contact information of all remaining class members. *Id.*

3      More recently in *York v. Starbucks*, a district court in the Central District
4 ordered Starbucks to produce the entire class list totaling over 120,000 employees
5 based on the same analysis relied on by Plaintiff Christiansen. *See* 2009 U.S. Dist.
6 LEXIS 92274 (C.D. Cal. June 30, 2009).

7      JPMorgan will make use of its unfettered access to Loan Officers in support
8 of its opposition to certification; it is axiomatic that Plaintiff also be provided access
9 to the same witnesses, to advance the class claims, which are being brought on
10 behalf of those same witnesses. *Pioneer*, 40 Cal. 4th at 374 (failing to produce the
11 identities of all prospective class members only benefits the party preventing
12 disclosure, to the detriment of the plaintiff and the putative class members for whom
13 the litigation was brought).

14      **C.**    **Defendant's Vague and Ambiguous Objection Is Meritless**

15      Plaintiff's use of the phrase "COVERED EMPLOYEE" is not vague and
16 ambiguous. A party objecting to discovery as vague and ambiguous has the burden
17 of demonstrating such vagueness or ambiguity and, in responding to discovery
18 requests, should exercise reason and common sense to attribute ordinary definitions
19 to terms and phrases utilized in discovery. If necessary to clarify its answers, the
20 responding party may include any reasonable definition of the term or phrase at
21 issue. *See Cory v. Aztec*, 225 F.R.D. 667, 671 (D. Kan. 2005). Given that
22 Defendant understood the term when it responded to Interrogatories one through
23 three; it is hard to believe that it is now confused by the phrase.

24      **D.**    **Defendant's Standing Objection Is Meritless**

25      Defendant's objection that Plaintiff does not have standing to represent
26 employees is nonsensical. Prior to filing a Rule 23 motion for certification, the
27 parties are entitled to conduct discovery in order to provide the court with evidence

28

JOINT STIP. RE MOT. TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE

DB2/21563630 4

outside the pleadings that support (or refute) certification. *See Kamm v. California City Development Company*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses"); *Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001) (court may permit class discovery to determine whether class certification is appropriate); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) ("in most cases a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action") (internal quotation omitted).

As discussed above, prior to certification Plaintiff is allowed to conduct routine certification discovery.

### E.   Defendant's Unduly Burdensome and Oppressive Objection Is Meritless

Defendant next argues that Interrogatory No. 4 is unduly burdensome and oppressive. Objections that interrogatories are burdensome are insufficient to meet a party's burden to explain why discovery requests are objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). There is nothing burdensome about producing the contact information of class members. The production of class member identities is a standard part of the discovery process in wage and hour class actions.

### F.   Defendant's Relevancy Objection Is Meritless

Defendant's relevancy objection should be overruled. Relevancy is broadly construed, and a discovery request should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery: 1) does not come within the scope of relevance as defined

1    under Federal Rule of Civil Procedure 26(b)(1); or 2) is of such marginal relevance

2    that the potential harm occasioned by discovery would outweigh the ordinary

3    presumption in favor of broad discovery. *Cory*, 225 F.R.D. at 672-73.

4          To deny discovery in a case of that nature would be an abuse of discretion.

5    *Kamm*, 509 F.2d at 210. To pronounce finally, prior to allowing any discovery, the

6    non-existence of a class or set of subclasses, when their existence may depend on

7    information wholly within defendants' possession is inappropriate. *Yaffe v. Powers*,

8    454 F.2d 1362, 1366 (1st Cir. 1972). Class members will have information about

9    Defendant's policies and practices that is essential to Plaintiff's Motion for Class

10    Certification. In this regard, Defendant's objection that the discovery is premature

11    is equally absurd as its standing objection. At present only Defendant has access to

12    the putative class members and the valuable information they possess. It is not

13    premature for Plaintiff to have equal access to these individuals in order to prepare

14    for certification.

15    DEFENDANT'S RESPONSE

16          The Ninth Circuit has held that pre-certification discovery on a class-wide

17    basis is not permissible unless the plaintiff can show that a class action is

18    maintainable or that the discovery is necessary to substantiate class allegations.

19    *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases

20    a district court should allow discovery to aid the determination of whether a class

21    action is maintainable, the plaintiff bears the burden of advancing a *prima facie*

22    showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that

23    discovery is likely to produce substantiation of the class allegations."); *Doninger v.*

24    *Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("[W]here the

25    plaintiffs fail to make even a *prima facie* showing of [class action prerequisites], as

26    we find here, the burden is on the plaintiff to demonstrate that discovery measures

27    are likely to produce persuasive information substantiating the class action

28

1  allegations"); *see also Zautinsky v. Univ. of Cal.*, 96 F.R.D. 622 (N.D. Cal. 1983)
2  (holding that plaintiff would not be permitted a general inquisition into defendant's
3  files merely on the strength of having filed a putative class complaint; plaintiff
4  would first have to demonstrate some ability to establish a *prima facie* case).

5      This long-standing rule of the Ninth Circuit is supported by Congress itself in
6  passing the Class Action Fairness Act ("CAFA"), when it expressed an intent to
7  limit pre-certification discovery of class member information: "It would in most
8  cases be improper for the named Plaintiff to request that defendant produce a list of
9  all class members (or detailed information that would allow the construction of such
10 a list), in many instances a massive, burdensome undertaking that will not be
11 necessary unless a proposed class is certified." Sen. Rep. No. 109-14, 1st Sess.,
12 p.44 (2005-2006); *see also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982
13 (S.D. Cal. 2005) (relying on CAFA's legislative history to deny plaintiff's requests
14 for contact information of putative class members pre-certification).  In this case, the
15 Court's jurisdiction is pursuant to CAFA.  *See* Def.'s First Amended Notice of
16 Removal (Docket # 11).

17     Further, district courts in wage and hour class actions routinely apply
18 *Mantolete* to deny or limit class-wide discovery. *See, e.g., Vasquez v. P.F. Chang's
19 China Bistro, Inc.*, No. CV 09-01408 (C.D. Cal. Oct. 8, 2009) (denying plaintiff's
20 request for statewide disclosure of identities and residences of putative class
21 members); *DeLodder v. Aertotek*, No. CV 08-6044 (C.D. Cal. Oct. 20, 2009 and
22 Dec. 18, 2009) (limiting plaintiff's request for statewide disclosure of names and
23 contact information to one California office); *Williams v. Veolia Transportation
24 Servs., Inc.*, 2008 WL 7389430 (C.D. Cal. Dec. 17, 2008) (denying plaintiff's
25 request for class-wide discovery); *Martinet v. Spherion Atlantic Enterprises, Inc.*,
26 2008 U.S. Dist. LEXIS 48113 *6-7 (S.D. Cal. 2008) (limiting the plaintiff's
27 discovery in a putative wage and hour class action to a limited time period and to the
28

1  office in San Diego where the plaintiff worked); *Krzesniak v. Cendant Corp.*, 2007
2  WL 756905 *1 (N.D. Cal. Mar. 8, 2007) (denying disclosure of names, addresses,
3  and telephone numbers of putative class members).

4      Plaintiff here can make neither showing required by the Ninth Circuit
5  because:  (1) Plaintiff has not established, and cannot establish, a *prima facie*
6  showing that a class action is maintainable; (2) Plaintiff has not established, and
7  cannot establish, that discovery of the putative class members' contact information
8  is likely to produce evidence that will substantiate her allegations; (3) Plaintiff seeks
9  information protected by the putative class members' right to privacy; and
10 (4) Plaintiff's Interrogatory is objectionable on multiple grounds.

11
12     **A. Plaintiff Has Not Established, And Cannot Establish, A Prima Facie**
       **Showing That She Can Maintain A Rule 23 Class Claim.**

13     Plaintiff does not even *attempt* to demonstrate that she can meet all the
14 requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy), let
15 alone the heavier burden under Rule 23(b)(3) of showing that common issues
16 predominate.  The reason for Plaintiff's failure is simple:  Plaintiff's claims are too
17 individualized to ever be maintainable as a class under Rule 23.  Indeed, two
18 California courts have already concluded that claims for overtime and expense
19 reimbursements on behalf of Defendant's Loan Officers – the very claims brought
20 by Plaintiffs here – could not be certified because of the individualized nature of the
21 inquiries the court would necessarily have to conduct to litigate the claims of each
22 Loan Officer.  *See Trinh v. JPMorgan Chase & Co., et al.*, Order Denying Motion
23 for Conditional Class Certification, Case No. 3:07-cv-1666 (S.D. Cal. Apr. 22,
24 2008) (holding that Defendant's Loan Officers were not similarly situated as to
25 collective action claim seeking overtime pay and that the plaintiff was not entitled to
26 the names and addresses of all current and former Loan Officers because "whether
27 JPMorgan loan officers are 'exempt' necessarily involves a fact-by-fact inquiry into
28

1  the circumstances of each employee to see if he or she falls within an administrative,
2  outside sales, highly compensated, combination, or any other exemption"); *Sorensen*
3  *v. JPMorgan Chase Bank, N.A., et al.*, Order Denying Motion for Class
4  Certification, Case No. BC 385566 (Los Angeles Super. Ct. October 16, 2009)
5  (denying class certification in case seeking expense reimbursements on behalf of
6  Loan Officers because plaintiff could not establish the commonality or superiority
7  elements required for class certification given that "[e]ach member of the proposed
8  class in this instance has a different set of facts pertaining to potential recovery").
9       The conclusions of these courts that such claims by Loan Officers are not
10 appropriate for certification are further supported by the Ninth Circuit's recent
11 holdings in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d
12 953 (9th Cir. 2009) and *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th
13 Cir. 2009), *reh'g denied*, Case No. 08-55223 (9th Cir. Aug. 18, 2009), where the
14 Ninth Circuit found that certification of a class of Loan Officers whose duties were
15 "marketing and selling mortgages" would not be appropriate because the claims
16 could not be litigated on a class-wide basis. *Id.* In *Vinole*, for example, the Court
17 concluded that "Plaintiffs' claims require a fact-intensive, individual analysis of
18 each employee's exempt status," an undertaking that could require "several hundred
19 mini-trials" with respect to each putative class member's actual work performance.
20 *Vinole*, 571 F.3d at 947. Likewise, the Court in *Wells Fargo* reversed the district
21 court's granting of class certification where individual inquiries would be necessary
22 with respect to five of the same exemptions Defendant asserts here: the federal
23 outside sales exemption, 29 U.S.C. § 213(a)(1); California's outside sales
24 exemption, Cal. Lab. Code § 1171; California's commissioned sales exemption, 8
25 Cal. Code Regs. § 11040(3)(D); California's administrative exemption, 8 Cal. Code
26 Regs. § 11040(1)(A)(2); and the federal highly compensated employee exemption,
27
28

DB2/21563630 4

1  29 C.F.R. § 541.601.  *Compare Wells Fargo*, 571 F.3d at 956 *with* Def.'s Answer to
2  Pl.'s Consolidated Complaint 13:21-14:10.

3        Moreover, on remand following the Ninth's Circuit's reversal of the district
4  court's erroneous grant of class certification, the district court in *Wells Fargo* denied
5  plaintiffs' renewed motion for class certification because plaintiffs could not satisfy
6  the predominance requirement of Rule 23(b)(3).  *In re Wells Fargo Home Mortgage*
7  *Overtime Pay Litigation*, 2010 WL 174329 (N.D. Cal. 2010).  The district court held
8  that the Ninth Circuit's conclusion in *Vinole* "appears to foreclose ***any viable path***
9  for certifying this action as a class action." *Id.* at *6 (emphasis added).  Importantly,
10  the Court acknowledged that a defendant's assertion of an overtime exemption as an
11  affirmative defense precluded class certification where litigating the exemption
12  issue would create individual inquiries that predominate over common questions:
13  "[I]f the adjudication of a defense for which the defendant has the burden of proof
14  would necessitate individual inquiries, and those inquiries would predominate over
15  inquiries into common questions, certification should be denied.  This is clearly the
16  case here, as the applicability of the outside sales exemption can only be resolved
17  through an examination of how each class member spent his or her working day."
18  *Id.* at *8.

19        Here, Plaintiff makes no showing that she can make a *prima facie* showing of
20  the Rule 23 requirements, including the requirement that common issues
21  predominate.  Indeed, Plaintiff's reasons for seeking the putative class members'
22  contact information highlight the individualized nature of her claims, and further
23  demonstrate why this case could never be maintainable as a class.  For example,
24  Plaintiff claims that interviewing Loan Officers will lead to information regarding,
25  among other things, the amount of time Loan Officers spent outside the office
26  performing their duties – the exact question which the Ninth Circuit and district
27  court in *Wells Fargo* already concluded could <u>only</u> be resolved on an individual
28

1   basis. *Wells Fargo*, 571 F.3d at 959 (approving of the district court's finding that

2   litigating the outside salesperson exemption, which applies when an employee is

3   "customarily and regularly away from the employer's place of business," requires "a

4   fact-intensive inquiry into each potential plaintiff's employment situation").

5          A case which requires each class member to describe his or her own situation

6   is the antithesis of a class action. "[A] class action cannot be maintained where each

7   member's right to recover depends on facts peculiar to his case . . . . " *Brown v.*

8   *Federal Express Corp.*, 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) (denying class

9   certification in meal and rest break class action where highly individualized factual

10  inquiries predominated over common class concerns). Indeed, that is exactly the

11  finding reached by another federal court in the *Trinh* matter – a finding which

12  Plaintiff seeks to relitigate here. Simply put, Plaintiff cannot go on a fishing

13  expedition to request burdensome class-wide discovery for ***every single*** putative

14  class member. Such an undertaking highlights why individual issues predominate

15  here and, thus, why Plaintiff's claims could never be adjudicated on a class-wide

16  basis.

17          **B. Plaintiff Has Not Established, And Cannot Establish, That Discovery**
18              **Of The Putative Class Members' Contact Information Is Likely To**
19              **Produce Evidence That Will Substantiate Her Allegations.**

20          Plaintiff provides absolutely no evidence beyond her own conclusory

21  allegations to demonstrate that the contact information of the putative class

22  members is likely to produce evidence to substantiate her claims. In fact, Plaintiff's

23  Consolidated Complaint and argument in this brief are both tellingly void of any

24  factual detail that would show she is entitled to individual recovery on any of her

25  nine claims, let alone that she could represent a class on such claims. Rather,

26  Plaintiff's focus is her interest in conducting a fishing expedition in the hopes of

27  gathering evidence, but this does not constitute a showing that her expedition is

28  ***likely*** to substantiate her allegations. In fact, Plaintiff admits that she may well be

1 | forced to abandon her allegations, at least in part, in the event that the information
2 | she seeks fails to substantiate her claims. *See supra* FN 2.

3 |     Moreover, given that Plaintiff cannot demonstrate, and has not demonstrated,
4 | why her own individual claims have merit, she certainly cannot show why
5 | Defendant should be subjected to costly, burdensome discovery regarding other
6 | employees whom Plaintiff could never appropriately represent. *See, e.g., Williams*
7 | *v. Veolia Transportation Servs., Inc.*, 2008 WL 7389430 *2 (C.D. Cal. Dec. 17,
8 | 2008) (denying plaintiff's request for class-wide discovery in a purported wage and
9 | hour class action because plaintiff failed to make *prima facie* showing, where
10 | plaintiff's Complaint "[did] not disclose the factual basis for the alleged labor code
11 | violations other than repeating the statutory language"); *Thomas v. Cendant*
12 | *Mortgage*, No. 03-1672, 2005 WL 579903 (E.D. Pa. Mar. 11, 2005) ("The discovery
13 | rules are designed to assist a party to prove a claim it reasonably believes to be
14 | viable without discovery, not to find out its basis for a claim.  That the discovery
15 | might uncover evidence showing that a plaintiff has a legitimate claim does not
16 | justify the discovery request.").  Plaintiff's claims are nothing but theories in search
17 | of facts and witnesses, and Plaintiff should not be permitted class-wide discovery
18 | based solely on her allegations.

19 |     It is especially clear in this case that class-wide discovery is unlikely to
20 | produce any evidence that would substantiate Plaintiff's claims because two
21 | different California courts have already concluded that the same claims brought by
22 | Plaintiff here on behalf of Defendant's Loan Officers require the sort of
23 | individualized inquiries that render the claims inappropriate for class treatment. *See*
24 | *Trinh v. JPMorgan Chase & Co., et al.*, Order Denying Motion for Conditional
25 | Class Certification, Case No. 3:07-cv-1666 (S.D. Cal. Apr. 22, 2008) (holding that
26 | the determination of whether Defendant's Loan Officers were exempt from overtime
27 | "involves a highly individualized inquiry into the job duties and compensation of
28 |

1   each employee"); *Sorensen v. JPMorgan Chase Bank, N.A., et al.*, Order Denying
2   Motion for Class Certification, Case No. BC 385566 (Los Angeles Super. Ct.
3   October 16, 2009) ("Each member of the proposed class in this instance has a
4   different set of facts pertaining to potential recovery").

5         The cases cited by Plaintiff further serve to demonstrate why her Motion to
6   Compel should be denied.  In *Long v. Hewlett-Packard, Co.*, 2006 U.S. Dist. LEXIS
7   94013 (N.D. Cal. Dec. 19, 2006), for example, a case arising in the products liability
8   context, the defendant <u>admitted</u> a common product defect that extended beyond
9   models owned by plaintiffs, which prompted the court to allow discovery of service
10  notes for the entire line of products.  *Id.* at *8.  Here, there is no evidence
11  whatsoever regarding common treatment of the putative class members, except to
12  say that each was properly classified as exempt – which the Ninth Circuit has
13  expressly held to be insufficient to certify a class.  *In re Wells Fargo Home*
14  *Mortgage*, 571 F.3d 953 (9th Cir. 2009); *Vinole v. Countrywide Home Loans, Inc.*,
15  571 F.3d 935 (9th Cir. 2009).

16        Similarly, in *Lewis v. First American Title Ins. Co.*, 2008 U.S. Dist. LEXIS
17  43518 (D. Idaho June 2, 2008), and *Kingsberry v. Chicago Title Ins. Co.*, 258 F.R.D.
18  668 (W.D. Wash. 2009), both cited by Plaintiff, the plaintiff was able to present
19  evidence proving the defendants' systemic overcharging, and the courts found that
20  each plaintiff satisfied its burden of making a *prima facie* showing under Rule 23
21  and of demonstrating that discovery was likely to produce substantiation of the class
22  allegations.  Here, in contrast, Plaintiff has presented no evidence whatsoever that
23  she is entitled to recovery, let alone that she can represent a class on any of her
24  claims.[3]

25

26  _____
27  [3]   *Barnhart v. Safeway Stores, Inc.*, 1992 U.S. Dist. LEXIS 22572 (E.D. Cal.
    Dec. 11, 1992), also cited by Plaintiff, is inapposite because in that case, unlike here,
28  the defendant – upon plaintiff's motion to compel class-wide discovery – asked the

1  Moreover, the rulings of the cases relied upon by Plaintiff do not undermine –
2  and in fact support – the longstanding Ninth Circuit rule that pre-certification
3  discovery on a class-wide basis is not permissible unless the plaintiff can show that
4  a class action is maintainable or that the discovery is necessary to substantiate class
5  allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v.
6  Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).  Plaintiff here has
7  failed to do so and, therefore, her Motion to Compel should be denied.

8  **C. Plaintiff's Interrogatory Seeks Information Protected By The Putative**
9  **Class Members' Right To Privacy.**

10  Current and former employees of Defendant have a legitimate expectation of
11  privacy in their identity, residential contact information, and work history.  For
12  example, "[c]ourts have frequently recognized that individuals have a substantial
13  interest in the privacy of their home." *Planned Parenthood Golden Gate v.
14  Superior Court*, 83 Cal.App.4th 347, 359 (2000); *Puerto v. Superior Court*, 158
15  Cal.App.4th 1242, 1252 (2008) (holding that current and former employees
16  unquestionably have a legitimate expectation of privacy in their addresses and
17  telephone numbers); *see also Hill v. Colorado*, 530 U.S. 703, 716 (2000).
18  Similarly, California Code of Civil Procedure section 1985.6 requires that notice be
19  given to employees whose employment records are subpoenaed so that they have an
20  opportunity to consent or object.  According to the legislative history of this statute,
21  employees maintain a "legitimate expectation of privacy" in their "personal
22  records."  Hearing before Assembly Com. on Judiciary on Bill No. AB 617 (1995);
23  *see also Prentice v. Fund for Public Interest Research, Inc.*, (2007) U.S. Dist.
24  LEXIS 71122, *9 (N.D. Cal. Sept. 18, 2007) (holding that the Fund "did nothing
25  wrong and should not be penalized" for withholding contact information of putative
26  

27  court to make a substantive determination regarding the scope of the putative class.
28  Defendant here makes no such request.

1  class members in response to an informal request because it would have risked
2  violating California privacy laws had it complied with the plaintiffs' request).
3  Compelled discovery within the realm of the right of privacy "cannot be justified
4  solely on the ground that it may lead to relevant information." *Britt v. Superior*
5  *Court*, 20 Cal.3d 844, 856, (1978). "Even when discovery of private information is
6  found directly relevant to the issues of ongoing litigation, it will not be
7  automatically allowed; there must then be a 'careful balancing' of the 'compelling
8  public need' for discovery against the 'fundamental right of privacy.'" *Id.*

9        Defendant's employees communicated their residential contact information
10  to Defendant on confidential employment applications, benefits forms, and/or tax
11  documents.  The confidential nature of this information implies that Defendant will
12  maintain the privacy of the information and that it will only use that information for
13  employment and tax purposes.  Plaintiff has no countervailing interest that
14  outweighs the right of privacy of the at least 1,700 putative class members.  In
15  addition, Plaintiff has not even attempted to demonstrate the possible relevancy, let
16  alone a compelling public need, for the putative class members' most recently
17  known address, most recently known telephone number(s), job title(s), dates of hire,
18  and dates of termination.  In this instance, the right to privacy of the at least 1,700
19  putative class members outweighs any speculative relevance of the information to
20  Plaintiff.[4]

21        For all these reasons, Plaintiff's motion to compel the contact and other

22

23        [4]       The authority cited by Plaintiff is unpersuasive. In *Pioneer Electronics*
24  *v. Superior Court*, 40 Cal. 4th 360, 373 (2007), *Belaire-West Landscape, Inc. v.*
     *Superior Court*, 149 Cal. App. 4th 554, 561 (2007), *Crab Addison, Inc. v. Superior*
25  *Court*, 169 Cal. App. 4th 958 (2008), and *Puerto v. Superior Court*, 158 Cal. App.
26  4th 1242 (2008), the courts held that the contact information of the employer's
     current and former employees deserved privacy protection. Here, however, unlike
27  in these cases, Plaintiff's need for the information does not outweigh the putative
28  class members' right of privacy for the reasons set forth in sections A and B, *supra*.

- 28 -

DB2/21563630.4

1    personal information of the putative class members should be denied.

2
        **D. Plaintiff's Interrogatory Is Vague and Ambiguous.**
3
4            Plaintiff's Interrogatory No. 4 seeks contact and other personal information of
5    certain "covered employees," defined as Loan Officers and employees with "other
6    titles and similar duties" to that of Plaintiff.  Such a definition makes the entire
7    Interrogatory vague and ambiguous because it is unclear which individuals fall
8    within the scope of the request.  Accordingly, the parties have addressed this
9    concern by agreeing that the term "covered employees" will be limited to employees
10   who held the job title of Account Executive, Account Executive/Loan Officer, BC
11   Retail Loan Officer – Off, HL Officer – Account Executive Non Prime, Home Loan
12   Officer – Account Executive, or Loan Officer.  In the event the Court allows
13   Plaintiff any discovery sought by this Motion, it should limit discovery to these job
14   titles so as to remain consistent with the parties' agreement on this issue.

15       **E. Plaintiff Does Not Have Standing To Bring Claims On Behalf Of All**
16          **Employees With "Other Titles And Similar Duties."**

17           Plaintiff cannot assert on behalf of others a claim she does not have standing
18   to pursue for herself.  *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none
19   of the name[d] plaintiffs purporting to represent a class establishes the requisite case
20   and controversy with the defendants, none may seek relief on behalf of himself or
21   any other member of the class."); *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)
22   ("At least one *named* plaintiff must satisfy the actual injury component of standing
23   in order to seek relief on behalf of himself or the class."); *Lierboe v. State Farm*
24   *Mutual Automobile Insurance Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding
25   is the threshold issue in any suit.  If the individual plaintiff lacks standing, the court
26   need never reach the class action issue.").  Plaintiff has not demonstrated a *prima*
27   *facie* case of her own individual claims, *see supra* Section A, and should not be

28

1 | permitted to utilize discovery in this action to force Defendant to assist her counsel
2 | in finding additional clients to bring claims against Defendant. Moreover, because
3 | each Loan Officer's claims will necessarily have to be adjudicated on an individual
4 | basis, as multiple courts have previously held, Plaintiff is not similar to the other
5 | members of the class she purports to represent. *See, e.g., Diaz v. Electronics*
6 | *Boutique of America, Inc.*, 2005 WL 2654270 (W.D.N.Y.); *Muecke v. A-Reliable*
7 | *Auto Parts & Wreckers, Inc.*, No. 01 Civ. 2361, 2002 WL 1359411 at *1 (N.D. Ill.
8 | June 21, 2002); *Kinnett v. State of Kansas*, Civ. Nos. 90-4209-S, 90-4214-S and 90-
9 | 4215-S, 1991 WL 241832, at *1 (D. Kan. Oct. 30, 1991). Thus, she has no standing
10 | to seek classwide relief.

11 | ### F. Plaintiff's Interrogatory Is Unduly Burdensome and Oppressive.

12 | Plaintiff has requested the name, most recently known address, most recently
13 | known telephone number(s), job title(s), dates of hire, and dates of termination for
14 | over 1,700 individuals. Gathering such information would take a substantial amount
15 | of time and resources, and is unwarranted at this juncture for the reasons set forth
16 | herein.

17 | ### G. Plaintiff's Interrogatory Seeks Irrelevant Information.

18 | Plaintiff has not demonstrated the possible relevance of the putative class
19 | members' names and addresses, much less their telephone numbers, job titles, dates
20 | of hire, and dates of termination.[5] Courts have denied access to putative class
21 | members' telephone numbers, for example, where alternative methods of contacting
22 | such individuals was available and presented less of a privacy concern. *See, e.g.,*
23 | *Tomassi v. City of Los Angeles,* 2008 WL 4722393 *4 (C.D. Cal. Oct. 24, 2008)

---

26 | [5] To the extent Plaintiff purports to be interested in the information to interview
some putative class members, such an undertaking could be facilitated with a name
27 | and last known address – the other information is superfluous and not reasonably
28 | calculated to lead to the discovery of admissible evidence.

1   (denying plaintiffs' request for the disclosure of the telephone numbers and

2   alternate contact information to minimize potential privacy issues, and recognizing

3   that contact by mail was preferable to contact with potential class members either in

4   person or by telephone).  Thus, in the event the Court allows Plaintiff to discover

5   the requested contact information, the Court should limit such discovery to names

6   and addresses.

### H. If The Court Is Inclined To Grant Any Part Of Plaintiff's Request, Any Such Discovery Should Be Limited To A Small Sampling Of The Putative Class Members' Contact Information.

10   As explained above, Defendant contends that Plaintiff is not entitled to the

11   putative class members' contact information that she seeks.  If this Court is inclined

12   to grant Plaintiff's request, however, Defendant requests that the Court appropriately

13   limit any such compelled disclosure.  Even in cases where a court has determined

14   that some access to putative class members' contact information is appropriate –

15   which it is not here for the reasons set forth above – district courts in the Ninth

16   Circuit have routinely limited such discovery.  In *Krzesniak v. Cendant Corp.*, 2007

17   WL 756905 *1 (N.D.Cal. Mar 8, 2007), for example, Magistrate Judge Maria-Elena

18   James denied plaintiffs' request for the names and addresses of all putative class

19   members because plaintiffs had already spoken to six putative class members and

20   may have had access to others.  *Id.*  As an initial matter, the Court noted that "[p]rior

21   to certification, courts typically limit discovery to certification issues…."  *Id.*  The

22   Court explained that good cause may exist to provide some names and addresses to

23   plaintiffs only if plaintiffs were "unable to locate and interview any putative class

24   members."  Given that plaintiffs <u>did</u> have access and the opportunity to interview a

25   portion of the class, the Court saw no reason "why these individuals would not

26   provide Plaintiff with adequate information to move for class certification."  *Id.*  The

27   Court also warned that "compelling the production of contact information prior to

28   class certification may result in 'court-initiated notice to potential claimants,' which

- 31 -

1  would be inappropriate." *Id.*

2       Similarly, the district court in *Keene v. Coldwater Creek, Inc.*, No. C 07-
3  05324 (N.D.Cal. Feb 28, 2008) refused to permit the disclosure of the identities and
4  contact information of all putative class members and provided instead that
5  plaintiffs have access to a small portion of the class.  Judge William Alsup ordered
6  that the employer provide the names and addresses of twelve (12) putative class
7  members out of a potential class of approximately 2000, i.e., merely <u>0.6%</u>.  *Id* at 1.
8  The Court explained that providing a small portion of names and addresses to
9  plaintiffs "balances the need for individual employee information against the burden
10 and privacy concerns."  *Id.; see also Chu v. Wells Fargo Invest., LLC*, No. C 05-
11 4526 (N.D. Cal. Apr. 16, 2008) (limiting disclosure of putative class member
12 information to only those individuals plaintiff had already identified).  Indeed, if
13 Plaintiff's allegation that there is any class-wide policy applicable to each and every
14 putative class member has any merit whatsoever – which Defendant surely disputes
15 – she would not need access to every class member to substantiate such an
16 allegation.  If the Court concludes that Plaintiff's Motion to Compel should be
17 granted even in part, a small sampling – such as the names and addresses of the
18 putative class members from the branch where Plaintiff worked – would be more
19 than sufficient given Plaintiff's failure to establish any *prima facie* case and the
20 demonstrated privacy concerns.  *See DeLodder v. Aertotek*, No. CV 08-6044 (C.D.
21 Cal. Oct. 20, 2009 and Dec. 18, 2009) (limiting plaintiff's request for statewide
22 disclosure of names and contact information to one California office where plaintiff
23 worked); *Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 U.S. Dist. LEXIS
24 48113 *4 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to
25 state-wide employees at different facilities, and limiting discovery to the office
26 where plaintiff was employed); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550,
27 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked);

28

*Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 311-13 (D.Colo. 1998) (limiting discovery to facility at which plaintiffs worked).

## IV.   CONCLUSION

### A.   Plaintiff's Conclusion

Because of the impending certification deadline, Plaintiff requests an order compelling Defendant to supplement its responses within seven days of this Court's Order and respond fully to Interrogatory No. 4.

### B.   Defendant's Conclusion

For the reasons explained herein, Plaintiff is not entitled to the putative class member contact information that she seeks.  Accordingly, Defendant should not be ordered to provide Plaintiff with such information, and Plaintiff's Motion to Compel should be denied in its entirety.

Respectfully submitted,

Dated:  March 8, 2010

By: _____
Shawn C. Westrick
KAWAHITO & SHRAGA LLP
Attorneys for Plaintiff/Class Members

Dated:  March 8, 2010

By:____\s_____
Carrie A. Gonell
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant