MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
JENNIFER WHITE-SPERLING, State Bar No. 166504
MICHELLE GRIFFITH-JONES, State Bar No. 259914
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel:  949.399.7000
Fax:  949.399.7001
Email: cgonell@morganlewis.com
          jwhite-sperling@morganlewis.com
          mgriffithjones@morganlewis.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, et al.,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>                    Defendants. | Case No.  SACV09-918 JVS (RNBx)<br>                 CV09-6352 JVS (RNBx)<br><br>[Assigned to the Hon. Robert N. Block for discovery matters]<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF CHRISTIANSEN'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE** |

I.      **INTRODUCTION**

        Pursuant to Local Rule 37-2.3 of the United States District Court for the Central District of California, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") hereby submits this Supplemental Memorandum in Opposition to Plaintiff Christiansen's Motion to Compel Further Responses to Interrogatories, Set One.  As Defendant explained in the Joint Stipulation submitted on March 8, 2010 (Docket # 28-1), Plaintiff Christiansen ("Plaintiff" or "Christiansen") is not entitled to the contact information and other private information of the over 1,700 individuals that she purports to represent because: (1) Plaintiff has not established, and cannot establish, a *prima facie* showing that a class action is maintainable; (2) Plaintiff has not established, and cannot establish, that discovery of the putative class members' contact information is likely to produce evidence that will substantiate her allegations; and (3) Plaintiff seeks information protected by the putative class members' right to privacy.  Accordingly, Plaintiff's Motion to Compel should be denied.

II.     **DISCUSSION**

        First, Plaintiff falls far short of meeting her burden under *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) and *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977), which <u>require</u> plaintiffs seeking pre-certification class-wide discovery to first make a *prima facie* showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied.  Here, Plaintiff makes no effort to show that she can meet the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.  Nor does Plaintiff address how she can satisfy her even heavier burden under Rule 23(b)(3) of showing that common issues predominate.  Thus, just as two other California courts have denied similar attempts by other plaintiffs to discover the contact information of Chase's Loan Officers pre-certification, this Court should likewise protect such personal information from unwarranted discovery because there are too many individualized

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64577483.4                    1

DEF'S SUPP. MEMORANDUM IN OPP. TO
PLAINTIFF'S MOTION TO COMPEL
INTERROGATORIES, SET ONE

1   issues for this case to ever meet the Rule 23 standards.  *See Trinh v. JPMorgan*
2   *Chase & Co., et al.*, Order Denying Motion for Conditional Class Certification,
3   Case No. 3:07-cv-1666 (S.D. Cal. Apr. 22, 2008); *Sorensen v. JPMorgan Chase*
4   *Bank, N.A., et al.*, Order Denying Motion for Class Certification, Case No. BC
5   385566 (Los Angeles Super. Ct. October 16, 2009); *Sorensen v. JPMorgan Chase*
6   *Bank, N.A., et al.*, Order Denying Plaintiff's Motion to Compel, Case No. BC
7   385566 (Los Angeles Super. Ct., Apr. 20, 2008).  As the Southern District held in
8   *Trinh*:

> In this case, whether JPMorgan loan officers are "exempt" necessarily involves a fact-by-fact inquiry into the circumstances of each employee to see if he or she falls within an administrative, outside sales, highly compensated, combination, or any other exemption….Other courts analyzing complex litigation concerning whether loan officers were exempt have concluded that the need for individual evidence makes a class or collective action an unwieldy method for determining the rights of many litigants.

*Trinh*, Order Denying Motion for Conditional Class Certification, Case No. 3:07-cv-1666 (S.D. Cal. Apr. 22, 2008).  Here, Plaintiff attempts to undo the prior rulings in *Trinh* and *Sorensen* by compelling Chase to again litigate on a class-wide basis the very same claims that have already been found unsuitable for class treatment.  Chase should not be forced to re-litigate these issues in Plaintiff's current "copycat" case.

Moreover, the Ninth Circuit recently held that class claims in two separate Loan Officer misclassification cases could not be certified, further supporting Defendant's position that Plaintiff Christiansen's claims involve inherently individual issues that are inappropriate for class-wide adjudication.  *See In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953 (9th Cir. 2009); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009), *reh'g denied*, Case No. 08-55223 (9th Cir. Aug. 18, 2009).  In *Vinole*, for example, the Court concluded that "Plaintiffs' claims require a fact-intensive, individual analysis

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64577483.4                                    2                    DEF'S SUPP. MEMORANDUM IN OPP. TO
PLAINTIFF'S MOTION TO COMPEL
INTERROGATORIES, SET ONE

of each employee's exempt status," an undertaking that could require "several hundred mini-trials" with respect to each putative class member's actual work performance. *Vinole*, 571 F.3d at 947.  Likewise, the Court in *Wells Fargo* reversed the district court's grant of class certification where individual inquiries would be necessary with respect to five of the same exemptions Defendant asserts here. *Compare Wells Fargo*, 571 F.3d at 956 *with* Def.'s Answer to Pl.'s Consolidated Complaint 13:21-14:10; *see also In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2010 WL 174329 *6-8 (N.D. Cal. 2010) (holding that the Ninth Circuit's conclusion in *Vinole* "appears to foreclose ***any viable path*** for certifying this action as a class action," especially where the litigation of an overtime exemption would create individualized inquiries that predominate over common questions) (emphasis added).

Plaintiff here concedes that her motive in seeking class-wide contact information is to get information from those individuals "about the amount of time, if any, they spend outside of the office performing their duties." (Joint Stipulation at 14).  This is precisely the issue that the Ninth Circuit has ruled precludes certification of Plaintiff's claims. *Wells Fargo*, 571 F.3d at 959 (approving of the district court's finding that litigating the outside salesperson exemption, which applies when an employee is "customarily and regularly away from the employer's place of business," requires "a fact-intensive inquiry into each potential plaintiff's employment situation").  Indeed, "[i]f evidence in the record suggests that resolution of this issue will require inquiries into (1) how much time each employee spent in or out of the office and (2) how each employee performed her job, then common issues may not predominate." *Pablo v. Servicemaster Global Holdings, Inc.*, 2009 WL 2524478 *5 (N.D. Cal. 2009) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009)).  Since Plaintiff here – based on her own concession – would have to interview each putative class member to gather information about the differing amount of time each individual spent outside of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64577483.4                                3                  DEF'S SUPP. MEMORANDUM IN OPP. TO
                                                                PLAINTIFF'S MOTION TO COMPEL
                                                                INTERROGATORIES, SET ONE

1  office, common issues will not predominate and Plaintiff will never be able to

2  satisfy her burden under *Mantolete* and *Bolger*.

3  　　Second, Plaintiff disregards her burden of showing that the contact

4  information she seeks is likely to substantiate her class allegations. *See Mantolete*,

5  767 F.2d at 1424 ("Although in some cases a district court should allow discovery

6  to aid the determination of whether a class action is maintainable, the plaintiff bears

7  the burden of advancing a *prima facie* showing that the class action requirements of

8  Fed.R.Civ.P. 23 are satisfied ***or that discovery is likely to produce substantiation***

9  ***of the class allegations***.") (emphasis added). To date, Plaintiff has failed to present

10 one scintilla of evidence showing that she is entitled to individual recovery on any

11 of her nine claims, let alone that she could represent a class on such claims. Rather,

12 Plaintiff continues to make vague assertions of various Labor Code and FLSA

13 violations, but has not – and cannot – come up with any factual details that would

14 support her claims. Importantly, Plaintiff argues that she needs the putative class

15 members' contact information in order to gather such factual support. Under these

16 circumstances, however, the Court is fully justified in denying Plaintiff's request

17 for pre-certification class-wide discovery in order to prevent Plaintiff from going on

18 a fishing expedition to find facts that corroborate her otherwise unsupported

19 assertions. *See, e.g.*, *Williams v. Veolia Transportation Servs., Inc.*, 2008 WL

20 7389430 *2 (C.D. Cal. Dec. 17, 2008) (denying plaintiff's request for class-wide

21 discovery in a purported wage and hour class action because plaintiff failed to make

22 *prima facie* showing, where plaintiff's Complaint "[did] not disclose the factual

23 basis for the alleged labor code violations other than repeating the statutory

24 language").

25 　　Third, the contact information and other private information that Plaintiff

26 seeks is protected by the putative class members' right to privacy. *Puerto v.*

27 *Superior Court*, 158 Cal.App.4th 1242, 1252 (2008) (holding that current and

28 former employees unquestionably have a legitimate expectation of privacy in their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64577483.4    4    DEF'S SUPP. MEMORANDUM IN OPP. TO
PLAINTIFF'S MOTION TO COMPEL
INTERROGATORIES, SET ONE

1  addresses and telephone numbers).  Moreover, discovery of private information

2  like the contact information at issue here "cannot be justified solely on the ground

3  that it may lead to relevant information."  *Britt v. Superior Court*, 20 Cal.3d 844,

4  856, (1978).  In this case, Chase employees communicated their private

5  information to their employer through confidential employment-related forms with

6  the expectation that such confidentiality would be maintained.  Plaintiff has not

7  shown, nor can she show, how the need for such information outweighs the right to

8  privacy of the over 1,700 putative class members in this case.

9  **III.    CONCLUSION**

10       For the reasons explained above and the Joint Stipulation, the Court should

11  deny Plaintiff's Motion to Compel.  If the Court is inclined to grant Plaintiff's

12  request even in part, however, Defendant requests that the Court appropriately limit

13  any such compelled disclosure to a small sampling, such as the names and

14  addresses of the putative class members from the branch where Plaintiff worked.

15  *See, e.g.*, *Krzesniak v. Cendant Corp.*, 2007 WL 756905 *1 (N.D.Cal. Mar 8,

16  2007); *Keene v. Coldwater Creek, Inc.*, No. C 07-05324 (N.D.Cal. Feb 28, 2008);

17  *Chu v. Wells Fargo Invest., LLC*, No. C 05-4526 (N.D. Cal. Apr. 16, 2008);

18  *DeLodder v. Aertotek*, No. CV 08-6044 (C.D. Cal. Oct. 20, 2009 and Dec. 18,

19  2009); *Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 U.S. Dist. LEXIS

20  48113 *4 (S.D. Cal. June 23, 2008); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D.

21  550, 556 (N.D. Ill. 2008); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303,

22  311-13 (D.Colo. 1998).

23

24  Dated:  March 23, 2010                MORGAN, LEWIS & BOCKIUS LLP

25

26                                    By  /s/Carrie A. Gonell
                                         Carrie A. Gonell
27                                       Attorneys for Defendants
                                         JPMORGAN CHASE BANK, N.A.,
28                                       et al.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64577483.4                5         DEF'S SUPP. MEMORANDUM IN OPP. TO
                                        PLAINTIFF'S MOTION TO COMPEL
                                        INTERROGATORIES, SET ONE