# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **SACV 09-918-JVS (RNBx)**                          Date: **March 31, 2010**

Title:  **Roy Kaminske, et al. v. JPMorgan Chase Bank, N.A.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

       HON. **ROBERT N. BLOCK**, UNITED STATES MAGISTRATE JUDGE

| Kerri Glover | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
  None present                                     None present

**PROCEEDINGS:  (IN CHAMBERS)**

> **Plaintiff Christiansen's Motion to Compel Further Responses to Interrogatories, filed March 8, 2010**

    Having duly reviewed and considered the parties' respective contentions in the Joint Stipulation and their Supplemental Memoranda, the Court has concluded that oral argument will not be of material assistance to the Court's determination of this motion to compel defendant to disclose contact information for all the putative class members. Accordingly, the Court now rules as follows.

    According to plaintiff in the introduction section of her portion of the Joint Stipulation, defendant improperly classified her and all other loan officers who worked for defendant in California as exempt employees, i.e., employees not entitled to overtime pay.  Based on this alleged improper classification, plaintiff is asserting claims on behalf of herself and all the other putative class members for: (1) unpaid overtime; (2) failure to provide itemized wage statements; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) unlawful deductions from wages; (6) failure to reimburse expenses; (7) violation of Labor Code §§ 222 and 223 by failing to pay vested wages; (8) failure to pay wages on termination; and (9) violation of the UCL, based on the aforementioned violations and failure to pay overtime under the FLSA.  The number of putative class members for whom the pre-certification contact information is sought is over 1,700.

    In Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009), the Ninth Circuit recently re-affirmed that "[d]istrict courts have broad discretion to

MINUTES FORM 11                                              Initials of Deputy Clerk    klg
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:    SACV 09-918-JVS (RNBx) | March 31, 2010 |
| Roy Kaminske, et al. v. JPMorgan Chase Bank, N.A. | Page 2 |

---

control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" The Ninth Circuit also implicitly re-affirmed that Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304 (9th Cir. 1977) and Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985), which the Ninth Circuit cited for the proposition that class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations," remain good law in this Circuit. See id.

Thus, while plaintiff has cited several California district court cases involving similar wage and hour claims in which the courts held that the plaintiff was entitled to pre-certification discovery of contact information for all putative class members,[1] the Court does not find those cases persuasive because it does not appear that the district courts in any of them applied the Doninger/Mantolete standard. Indeed, on page 10 of the Joint Stipulation, plaintiff implicitly conceded as much by citing these same cases for the proposition that "[d]istrict courts do not typically engage in an initial *prima facie* analysis of a plaintiff's case to determine if discovery regarding class member identities is permissible." Moreover, defendant has cited other California district court cases involving similar wage and hour claims in which the courts held that the plaintiff was not entitled to pre-certification discovery of contact information for all putative class members.[2]

---

[1] See Tierno v. Rite Aid Corp., 2008 U.S. Dist. LEXIS 58748, *9 (N.D. Cal. July 31, 2009); York v. Starbucks Corporation, 2009 U.S. Dist. LEXIS 92274, *6 n.1 (C.D. Cal. June 30, 2009); Ho v. Ernst & Young, LLP, 2007 U.S. Dist. LEXIS 37700, *4-*6 (N.D. Cal. May 9, 2007); Wiegele v. Fedex Ground Package System, 2007 U.S. Dist. LEXIS 9444, *6 n.1 (S.D. Cal. Feb. 8, 2007); Jimenez v. Domino's Pizza, 2006 U.S. Dist. LEXIS 66510, *4-*6 (C.D. Cal. Jan. 13, 2006).

[2] See, e.g., Williams v. Veolia Transportation Services, Inc., 2008 WL 7389430, *2-*3 (C.D. Cal. Dec. 17, 2008); Martinet v. Spherion Atlantic Enterprises,

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     SACV 09-918-JVS (RNBx)                                              March 31, 2010
        Roy Kaminske, et al. v. JPMorgan Chase Bank, N.A.                                Page 3

---

In light of the Ninth Circuit's recent re-affirmation that the Doninger/Mantolete standard remains the law of the Circuit, the determinative question for this Court is whether plaintiff has met her burden of making a prima facie showing that the class action requirements of Rule 23 are satisfied here or that discovery of the contact information sought is likely to produce substantiation of her class allegations.[3] Moreover, in the Court's view, the issue is not whether plaintiff has met her prima facie burden with respect to the requirements of Rule 23(a), as plaintiff argues she has on pages 12-13 of the Joint Stipulation. In the Court's view, plaintiff at least arguably has met her prima facie burden with respect to the requirements of Rule 23(a). The issue, however, is whether plaintiff has met her burden of making a prima facie showing that the requirements of Rule 23(b) are satisfied here or that the discovery sought is likely to produce substantiation of her allegation in ¶ 15 of the Consolidated Class Action Complaint that the common questions of law and fact here **predominate** over questions affecting only individual putative class members. As to that issue, defendant has cited

---

[2](...continued)
LLC, 2008 U.S. Dist. LEXIS 48113, *6-*7 (S.D. Cal. June 23, 2008); Krzesniak v. Cendant Corp., 2007 WL 756905, *1 (N.D. Cal. March 8, 2007); Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986-87 (S.D. Cal. 2005).

[3]     Although defendant also continues to object to the disclosure of the contact information on the ground of the putative class members' right to privacy, the Court does not find that objection well taken because, if the Court were convinced that the standard for pre-certification discovery of the class members' contact information was met here, the Court would find, as the courts did in the cases cited by plaintiff, that plaintiff's need for the information outweighed the putative class members' privacy interest so long as the disclosure of the contact information was subject to a protective order. See, e.g., York, 2009 U.S. Dist. LEXIS 92274 at *3-*5; Tierno, 2008 U.S. Dist. LEXIS 58748 at *9; Wiegele, 2007 U.S. Dist. LEXIS 9444 at *4-*6; Jimenez, 2006 U.S. Dist. LEXIS at *6-*9; Babbitt v. Albertson's, Inc., 1992 U.S. Dist. LEXIS 19091, *13 (N.D. Cal. Dec. 1, 1992)

MINUTES FORM 11                                                          Initials of Deputy Clerk    klg
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     **SACV 09-918-JVS (RNBx)**                                              **March 31, 2010**
              **Roy Kaminske, et al. v. JPMorgan Chase Bank, N.A.**                   **Page 4**

-----------------------------------------------------------------------------------------------------------

several cases that the Court finds instructive.

In Trinh v. JP Morgan Chase & Co, 2008 U.S. Dist. LEXIS 33016 (S.D. Cal. April 22, 2008), the district court denied conditional class certification on behalf of defendant's loan officers for the same kind of wage and hour claims alleged by plaintiff here. The court's rationale was that the issue of "whether JP Morgan loan officers are 'exempt' necessarily involves a fact-by-fact inquiry into the circumstances of each employee to see if he or she falls within an administrative, outside sales, highly compensated, combination, or any other exemption." See id. at *13. In response to defendant's citation of the Trinh case, plaintiff argues in the Joint Stipulation that the Trinh plaintiffs filed their motion for conditional certification shortly after the filing of the complaint and "offered scant evidence to support its request for conditional certification," whereas plaintiff here "intends to diligently conduct discovery and present a significantly more prepared brief for certification." Plaintiff further argues in her Supplemental Memorandum that defendant's reliance on the Trinh decision "is of no moment" because "[p]revious rulings in class action decisions do not bar future cases." However, both of these arguments beg the question of whether plaintiff has met her prima facie burden with respect to the Rule 23(b) issue identified above.

In Vinole, which involved similar wage and hour claims brought by Countrywide's loan consultants, the Ninth Circuit held that the district court had not abused its discretion in denying class certification because plaintiffs' claims required a fact-intensive, individual analysis of each loan consultant's status, including how much time each individual consultant spent in or out of the office, and how each consultant performed his or her job. See Vinole, 571 F.3d at 947. In In re Wells Fargo Home Mortgage Overtime Pay Litigation, 571 F.3d 953, 958-59 (9th Cir. 2009), the Ninth Circuit held that the district court had abused its discretion in finding that Rule 23(b)(3)'s predominance requirement was met based on Wells Fargo's uniform policy of treating all mortgage consultants as exempt. In the district court decision on remand in the Wells Fargo case, In re Wells Fargo Home Mortgage Overtime Pay Litigation, 2010 WL 174329, *6-*7 (N.D. Cal. Jan. 13, 2010), after noting that "Vinole . . . appears to foreclose any viable path for certifying this action as a class action, the district court proceeded to deny the plaintiff's renewed motion for class certification on the basis that

MINUTES FORM 11                                                                Initials of Deputy Clerk    klg
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:    SACV 09-918-JVS (RNBx)                                           March 31, 2010
<u>Roy Kaminske, et al. v. JPMorgan Chase Bank, N.A.</u>                        Page 5

---

individual inquiries would predominate over common questions. The district court found that this was especially the case with respect to the outside sales exemption invoked by Wells Fargo, which would necessitate inquiry into how each mortgage consultant spent their working day. <u>See</u> <u>id.</u> at *7-*9. In response to defendant's citation of these cases, plaintiff merely argues in the Joint Stipulation that they "stand for the simple proposition that certification is not appropriate when a plaintiff presents only evidence of a common policy of classifying a group of employees as exempt." However, again plaintiff's argument begs the question of whether she has met her prima facie burden with respect to the Rule 23(b) issue identified above. Moreover, plaintiff's assertion on page 14 of the Joint Stipulation that "[l]oan officers will also have valuable information about the amount of time, if any, they spend outside of the office performing their duties" appears to render this case indistinguishable from the Countrywide and Wells Fargo cases.[4]

The Court therefore finds that plaintiff has not met her burden of making a prima facie showing that the requirements of Rule 23(b) are satisfied here or that discovery of the contact information sought is likely to produce substantiation of her allegations relating to Rule 23(b). Accordingly, plaintiff's motion to compel defendant to disclose contact information for all the putative class members is DENIED.

cc:    Judge Selna

---

[4]   The Court disagrees with plaintiff's contention in her Supplemental Memorandum that, "because all loan officers were provided with and worked from desks at specified office locations, the applicability of the outside sales exemption may easily be determined on a class-wide basis. Whether each loan officer was provided with and worked from a desk begs the question of how much time, if any, each loan officer spent outside the office performing his or her duties.

MINUTES FORM 11                                                         Initials of Deputy Clerk    klg
CIVIL-GEN