JAMES KAWAHITO (SBN 234851)
Email: james@kawahitoshraga.com
DAVID SHRAGA (SBN 229098)
Email: david@kawahitoshraga.com
NOELLE SHANAHAN CUTTS (SBN 259175)
Email: noelle@kawahitoshraga.com
KAWAHITO & SHRAGA LLP
11845 W. Olympic Blvd. Suite 665
Los Angeles, California 90064
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Plaintiff Gail Christiansen and Class Members

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, et al.,<br><br>            Plaintiffs,<br><br>       vs.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>            Defendants. | Case Number:  SACV 09-918 JVS (RNBx)<br><br>(Consolidated Actions: Kaminske v. JP Morgan Chase Bank, N.A., et al., SACV 09-918 JVS (RNBx); Christiansen v. JP Morgan Chase & Co., CV 09-6352 JVS (RNBx))<br><br>**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California *Labor Code* §§ 510 and 1198 (Unpaid Overtime);<br><br>(2) Violation of California *Labor Code* § 226(a) (Improper Wage Statements);<br><br>(3) Violation of California *Labor Code* §§ 226.7(a) and 512(a) (Unpaid Missed Meal Breaks);<br><br>(4) Violation of California *Labor Code* § 226.7(a) (Unpaid Missed Rest Breaks); |

(5) Violation of California *Labor Code* §§ 221, 400-410 (Unlawful Deductions from Wages);

(6) Violation of California *Labor Code* §§ 2800 and 2802 (Unpaid Business-Related Expenses);

(7) Violation of California *Labor Code* §§ 222 and 223 (Unlawful Paying of a Lower Wage);

(8) Violation of California *Labor Code* §§ 201, 202, 203 (Wages Not Paid Upon Termination);

(9) Violation of California Labor Code § 1194 (Unpaid Minimum Wages); and

(10) Violation of California *Business & Professions Code* § 17200, *et seq.* (Unfair Competition)

**Demand for Jury Trial**

Plaintiffs Roy Kaminske and Gail Christiansen (hereinafter "Plaintiffs"), individually and on behalf of all other similarly situated putative Class Members, allege as follows:

## JURISDICTION AND VENUE

1)     This action is brought as a class action pursuant to FED. R. CIV. PRO. 23.

2)     On or around August 31, 2009, Defendant, JP Morgan Chase Bank, N.A. ("Defendant"), removed this matter to this Court from the Superior Court of California, County of Los Angeles pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

3)      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, Defendant transacts business in Los Angeles County and has registered an address in Los Angeles County, California with the California Secretary of State.

## THE PARTIES

4)      Plaintiff Roy Kaminske is a resident of Orange County, California.

5)      Plaintiff Gail Christiansen is a resident of Riverside County, California.

6)      Defendant was and is, upon information and belief, a Delaware corporation with its principal place of business in New York, and at all times hereinafter mentioned, is an employer whose employees are engaged throughout Los Angeles County, the State of California, and/or the various states of the United States of America.

7)      Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

8)      Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant JP Morgan Chase Bank, N.A. and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policies of Defendant JP Morgan Chase Bank, N.A.

9)      At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

1    10)    Plaintiffs are informed and believe, and thereon allege, that each of said

2  Defendants is in some manner intentionally, negligently, or otherwise responsible

3  for the acts, omissions, occurrences, and transactions alleged herein.

4                        **CLASS ACTION ALLEGATIONS**

5    11)    Plaintiffs bring this action on their own behalf, as well as on behalf of

6  each and all other persons similarly situated, and thus, seek class certification under

7  FED. R. CIV. PRO. 23(a), (b)(2), and (b)(3).

8    12)    All claims alleged herein arise under California law for which Plaintiffs

9  seek relief authorized by California law.

10    13)    The proposed class consists of and is defined as:

11                    All persons who have been employed by Defendant in the

12                    State of California within the relevant time periods prior to

13                    the filing of this complaint until resolution of this lawsuit

14                    and who held or hold the positions of Home Loan Officer

15                    – Account Executive; Loan Officer; and Account

16                    Executive/Loan Officer.

17    14)    Plaintiffs also allege a proposed subclass ("Minimum Wage Class")

18  defined as follows:

19                    All persons who have been employed by Defendant in the

20                    State of California within the relevant time periods prior to

21                    the filing of this complaint until September 2007 and who

22                    held positions of Home Loan Officer – Account Executive;

23                    Loan Officer; and Account Executive/Loan Officer.

24    15)    There is a well defined community of interest in the litigation and the class

25  is easily ascertainable:

26    a.    <u>Numerosity</u>:  The members of the class (and each subclass, if any) are

27  so numerous that joinder of all members would be unfeasible and impractical.  The

28

membership of the entire class is unknown to Plaintiffs at this time, however, the class is estimated to be greater than one hundred (1000) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

b.   Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they have a well defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c.   Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each Class Member with whom they have a well defined community of interest and typicality of claims, as alleged herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiffs' attorneys and class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d.   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e.   Public Policy Considerations:  California employers frequently violate employment and labor laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future

1    endeavors through negative references and/or other means.  Class actions provide

2    the Class Members who are not named in the complaint with a type of anonymity

3    that allows for the vindication of their rights while still protecting their privacy.

4        16)    There are common questions of law and fact as to the class (and each

5    subclass, if any) that predominate over questions affecting only individual members,

6    including but not limited to:

7        a.      Whether Defendant required Plaintiffs and the other Class Members to

8    work over eight (8) hours per day or over forty (40) hours per week and failed to

9    pay legally required premium overtime compensation to Plaintiffs and the other

10   Class Members;

11       b.      Whether Defendant misclassified Plaintiffs and the other Class

12   Members as exempt from overtime compensation;

13       c.      Whether Defendant made unlawful deductions from the salaries of

14   Plaintiffs and other Class Members;

15       d.      Whether Defendant's failure to pay wages, without abatement or

16   reduction, in accordance with the California *Labor Code*, was willful;

17       e.      Whether Defendant complied with wage reporting as required by the

18   California *Labor Code*, including but not limited to Section 226;

19       f.      Whether Defendant failed to reimburse Plaintiffs and other Class

20   Members for necessary business expenditures;

21       g.      Whether Defendant had a policy of paying one hour of pay for each

22   meal break missed by an employee;

23       h.      Whether Defendant had a policy of paying one hour of pay for each rest

24   break missed by an employee;

25       i.      Whether Defendant's conduct was willful or reckless;

26       j.      Whether Defendant secretly paid a lower wage by changing its

27   compensation policies to commissions that had already vested;

28

k.     Whether Defendant failed to pay members of the Minimum Wage Class the applicable minimum wages as required by law;

l.     Whether Defendant engaged in unfair business practices in violation of California *Business & Professions Code* § 17200, *et seq.*; and

m.     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendant's violations of California law.

## FACTUAL ALLEGATIONS

17)    At all times set forth, Defendant employed Plaintiffs and other similarly situated persons in the capacity of Loan Officers or related positions.

18)    Plaintiff Kaminske was employed by Defendant as a Loan Officer in Orange County, California from on or about July 27, 2000, until on or about March 30, 2009.

19)    Plaintiff Christiansen was employed by Defendant as a Loan Officer from on or about July 2, 2001, until on or about August 14, 2009.  Plaintiff Christiansen worked out of the Indian Wells and Palm Desert, California business locations.

20)    Defendant continues to employ Loan Officers and other employees with similar job duties within California.

21)    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

22)    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive premium wages for overtime compensation and that they were not receiving premium wages for overtime compensation.

23)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

24)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Defendant was prohibited from improperly deducting wages from the Plaintiffs and the other Class Members.

25)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to be reimbursed for all necessary business expenses incurred.

26)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class members were entitled to receive all required meal breaks or payment of one hour of pay when a meal break was missed.

27)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive all required rest breaks or payment of one hour of pay when a rest break was missed.

28)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

29)   Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and the other Class Members were entitled to receive wages that had vested prior to changing its compensation policies.

1     30)    Plaintiffs are informed and believe, and thereon allege, that at all times

2  herein mentioned, Defendant knew or should have known it had a duty to properly

3  compensate Plaintiffs and the other Class Members, and that Defendant had the

4  financial ability to pay such compensation, but willfully, knowingly, and

5  intentionally failed to do so in order to increase Defendant's profits.

6     31)    Plaintiff s are informed and believe, and thereon allege, that Defendant

7  knew or should have known that it had an obligation to pay guaranteed minimum

8  wages for all hours worked by Plaintiffs and the Class Members, but willfully,

9  knowingly, and intentionally failed to do.

## FIRST CAUSE OF ACTION

### Violation of California *Labor Code* §§ 510 and 1198

### (Unpaid Overtime)

13     32)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

14  material allegations set out in paragraphs 1 through 31.

15     33)    At all times herein set forth, California *Labor Code* § 218 has authorized

16  employees to sue directly for any wages or penalty due to them under the California

17  *Labor Code*.

18     34)    At all times herein set forth, California *Labor Code* § 1198 has provided

19  that it is unlawful to employ persons for longer than the hours set by the California

20  Industrial Welfare Commission (hereinafter "IWC").

21     35)    At all times herein set forth, the IWC Wage Order applicable to Plaintiffs'

22  and the other Class Members' employment by Defendant, has provided that

23  employees working for more than eight (8) hours in a day, or more than forty (40)

24  hours in a workweek, are entitled to payment at the rate one and one-half times his

25  or her regular rate of pay for all hours worked in excess of eight (8) hours in a day

26  or more than forty (40) hours in a work week.  An employee who works more than

27

28

twelve (12) hours in a day is entitled to overtime compensation at a rate of twice his
or her regular rate of pay.

36) California *Labor Code* § 510 codifies the right to overtime compensation
at one and one-half times the regular hourly rate for hours worked in excess of eight
(8) hours in a day or forty (40) hours in a week or for the first eight (8) hours
worked on the seventh day of work, and to overtime compensation at twice the
regular hourly rate for hours worked in excess of twelve (12) hours in a day or in
excess of eight (8) hours in a day on the seventh day of work.

37) During the relevant time period, Plaintiffs and the other Class Members
consistently worked in excess of eight (8) hours in a day or forty (40) hours in a
week.

38) During the relevant time period, Plaintiffs and the other Class Members
were classified as exempt and did not receive premium overtime wages.

39) During the relevant time period, Plaintiffs and other Class Members
regularly performed non-exempt work in excess of fifty percent  of the time, and
were thus subject to the overtime requirements of California law.

40) During the relevant time period, Defendant failed to pay all premium
overtime wages owed to Plaintiffs and the other Class Members.

41) Defendant's failure to pay Plaintiffs and other Class Members the unpaid
balance of premium overtime compensation, as required by California state law,
violates the provisions of California *Labor Code* §§ 510 and 1198, and is therefore
unlawful.

42) Pursuant to California *Labor Code* § 1194, Plaintiffs and other Class
Members are entitled to recover their unpaid overtime compensation, as well as
interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California *Labor Code* § 226(a)

### (Improper Wage Statements)

43)   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 42.

44)   Defendant intentionally failed to provide Plaintiffs and the other Class Members with complete and accurate wage statements pursuant to the requirements of California *Labor Code* § 226(a).

45)   Defendant intentionally did not provide Plaintiffs and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which injured them because they were denied their legal right to receive accurate, itemized wage statements under California *Labor Code* § 226(a).

46)   Defendant intentionally did not provide Plaintiffs and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which further injured them by making it more difficult to ascertain if or when certain rights under the California *Labor Code* had been violated, and, in part, prevented them from ascertaining that they were, in fact, not receiving the proper payment of their overtime wages.

47)   Plaintiffs and the other Class Members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California *Labor Code* § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorneys' fees pursuant to California *Labor Code* § 226(e).

### THIRD CAUSE OF ACTION

#### Violation of California *Labor Code* §§ 226.7(a) and 512(a)

#### (Unpaid Missed Meal Breaks)

48)     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 47.

49)     At all times herein set forth, California *Labor Code* § 226.7(a) has provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

50)     At all times herein set forth, California *Labor Code* § 512(a) has provided that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours the meal period may be waived by mutual consent of both the employer and the employee.

51)     California *Labor Code* § 512(a) further provides that an employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52)     During the relevant time period, Plaintiffs and other Class Members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes.

53)     During the relevant time period, Plaintiffs and other Class Members who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent were

1   required to work in excess of ten hours without receiving a second meal period of

2   not less than thirty minutes.

3       54)    During the relevant time period, Plaintiffs and other Class Members who

4   were scheduled to work in excess of twelve hours were required to work in excess

5   of ten hours without receiving a second meal period of not less than thirty minutes.

6       55)    During the relevant time period, Defendant required Plaintiffs and other

7   Class Members to work during meal periods and failed to compensate Plaintiffs and

8   the other Class Members for work performed during meal periods.

9       56)    Defendant's conduct violates applicable orders of the IWC and California

10  *Labor Code* §§ 226.7(a) and 512(a).

11      57)    Pursuant to California *Labor Code* § 226.7(b), Plaintiffs and the other

12  Class Members are entitled to recover from Defendant one additional hour of pay at

13  the employee's regular rate of compensation for each work day that the meal period

14  was not provided, for a four-year statutory period from the date of the

15  commencement of this action.

16                          **FOURTH CAUSE OF ACTION**

17                  **Violation of California *Labor Code* § 226.7(a)**

18                          **(Unpaid Missed Rest Breaks)**

19      58)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20  material allegations set out in paragraphs 1 through 57.

21      59)    California *Labor Code* § 226.7(a) provides that no employer shall require

22  an employee to work during any rest period mandated by an applicable order of the

23  IWC.

24      60)    During the relevant time period, Defendant required Plaintiffs and the

25  other Class Members to work during rest periods and failed to compensate Plaintiffs

26  and the other Class Members for work performed during rest periods.

27

28

61)     Defendant's conduct violates applicable orders of the IWC, and California *Labor Code* § 226.7(a).

62)     Pursuant to California *Labor Code* § 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a four-year statutory period from the date of the commencement of this action.

## FIFTH CAUSE OF ACTION

### Violation of California *Labor Code* §§ 221, 400-410

### (Unlawful Deductions from Wages)

63)     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 62.

64)     California *Labor Code* § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

65)     California *Labor Code* §§ 400-410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

66)     CAL. CODE REGS. tit. 8, § 11040(8) provides,

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

67)     Defendant made improper deductions from Plaintiffs' and the other Class Members' wages, including, but not limited to, when clients did not pay certain fees or when there was an underage.  Defendant also deducted improper charges related

- 13 -

1    to Defendant's health plan from employees' wages. Thus, at all material times set

2    forth herein, Plaintiffs and the other Class Members were forced to contribute to the

3    capital and expenses of Defendant's businesses, which constitutes putting up a cash

4    bond and must be refunded by Defendant to Plaintiffs and the other Class Members.

5        68)  Plaintiffs and the other Class Members are entitled to recover from

6    Defendant the wages improperly deducted by Defendant's actions.

**SIXTH CAUSE OF ACTION**

**Violation of California *Labor Code* §§ 2800 and 2802**

**(Unpaid Business-Related Expenses)**

10        69)  Plaintiffs incorporate by reference and re-allege as if fully stated herein the

11    material allegations set out in paragraphs 1 through 68.

12        70)  California *Labor Code* §§ 2800 and 2802 provides that an employer must

13    reimburse employees for all necessary expenditures.

14        71)  Plaintiffs and other Class Members incurred necessary business-related

15    expenses and costs, including but not limited to, cell phone usage, mileage and other

16    necessary business-related expenses.

17        72)  Defendant intentionally failed to fully reimburse Plaintiffs and other Class

18    Members for necessary business-related expenses and costs.

19        73)  Plaintiffs and other Class Members are entitled to recover from Defendant

20    their business-related expenses incurred during the course and scope of their

21    employment.

**SEVENTH CAUSE OF ACTION**

**Violation of California *Labor Code* §§ 222 and 223**

**(Unlawful Paying of a Lower Wage)**

25        74)  Plaintiffs incorporate by reference and re-allege as if fully stated herein the

26    material allegations set out in paragraphs 1 through 73.

- 14 -

75)    California *Labor Code* § 222 provides that it shall be unlawful to either willfully or unlawfully or with intent to defraud an employee by withholding any part of a wage that is agreed upon.

76)    California *Labor Code* § 223 provides that where any contract requires an employer to maintain a designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by contract.

77)    During the relevant time period, Defendant maintained a "Terms of Agreement" applicable to Plaintiffs and other Class Members.

78)    Effective July 1, 2009, Defendant implemented a new "Terms of Agreement" applicable to Plaintiffs and other Class Members.

79)    The effective "Terms of Agreement" applied to commissions that had vested, but had not yet been paid by Defendant.

80)    The effective "Terms of Agreement" resulted in a reduction of Plaintiffs' and other Class Members' vested wages.

81)    Plaintiffs and other Class Members are entitled to recover all unpaid wages from Defendant.

## EIGHTH CAUSE OF ACTION

### Violation of California *Labor Code* §§ 201, 202, and 203

### (Wages Not Paid Upon Termination)

82)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 81.

83)    At all times herein set forth, California *Labor Code* §§ 201 and 202 have provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to terminate his

1  or her employment, in which case the employee is entitled to his or her wages at the

2  time of termination.

3      84)    During the relevant time period, Defendant failed to pay Plaintiffs and

4  those Class Members who are no longer employed by Defendant their wages, earned

5  and unpaid, either at the time of discharge, or within seventy-two (72) hours of their

6  leaving Defendant's employ.

7      85)    Defendant's failure to pay Plaintiffs and those Class Members who are no

8  longer employed by Defendant their wages earned and unpaid at the time of

9  discharge, or within seventy-two (72) hours of their leaving Defendant's employ,

10 violates California *Labor Code* §§ 201 and 202.

11     86)    California *Labor Code* § 203 provides that if an employer willfully fails to

12 pay wages owed, in accordance with Sections 201 and 202, then the wages of the

13 employee shall continue as a penalty from the due date, and at the same rate until

14 paid or until an action is commenced; but the wages shall not continue for more than

15 thirty (30) days.

16     87)    Plaintiffs and the other Class Members are entitled to recover from

17 Defendant the statutory penalty for each day they were not paid at their regular

18 hourly rate of pay, up to a thirty (30) day maximum pursuant to California *Labor*

19 *Code* § 203, for a four year statutory period from the date of the commencement of

20 this action.

21                    **NINTH CAUSE OF ACTION**

22              **Violation of California Labor Code § 1194**

23                  **(Failure to Pay Minimum Wages)**

24                  **By the Minimum Wage Class Only**

25     88)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

26 material allegations set out in paragraphs 1 through 87.

27

28

89)    California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

90)    California Labor Code § 1194 provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

91)    During the relevant time period, Defendant failed to pay Plaintiffs and other Class Members the applicable minimum wages.

92)    Defendant's failure to pay Plaintiffs and other Class Members the applicable minimum wages for each hour worked during the workweek constitutes a violation of California Labor Code § 1194.

93)    California Labor Code § 1194.2 provides that if an employer pays wages less than the minimum wage fixed by the order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wage unlawfully unpaid and interest thereon.

94)    Plaintiff sand other Class Members are entitled to recover from Defendants the statutory liquidated damages pursuant to California Labor Code § 1194.2.

## TENTH CAUSE OF ACTION

### Violation of California *Business & Professions Code* § 17200, *et seq.*

### (Unfair Competition)

95)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 94.

96)    Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other Class Members, and the general

- 17 -

1   public.  Plaintiffs seek to enforce important rights affecting the public interest within

2   the meaning of California CODE CIV. PRO. § 1021.5.

3       97)    Defendant's activities as alleged herein are violations of California law,

4   and constitute unlawful business acts and practices in violation of California

5   *Business & Professions Code* § 17200, *et seq.*

6       98)    Defendant's acts constitute violation of, *inter alia*, California *Labor Code*

7   §§ 510, 1198, 226(a), 226.7(a), 512(a), 221, 400-410, 2800, 2802, 222, 223, 201,

8   and 202.  In addition, a violation of California *Business & Professions Code* §

9   17200, *et seq.*, may be predicated on the violation of any federal law.  In the instant

10  case, Defendant's policy and practice of requiring Loan Officers, including

11  Plaintiffs and Class Members, to work in excess of forty (40) hours per week

12  without paying them proper overtime compensation violates the Fair Labor

13  Standards Act (FLSA), 29 U.S.C. § 207.

14      99)    Plaintiffs and the putative Class Members have been personally aggrieved

15  by Defendant's unlawful business acts and practices as alleged herein, including but

16  not necessarily limited to by the loss of money or property.

17      100)   Pursuant to California *Business & Professions Code* § 17200, *et seq.*,

18  Plaintiffs and the putative Class Members are entitled to restitution of the wages

19  withheld and retained by Defendant during a period that commences four years prior

20  to the filing of this Complaint; a permanent injunction requiring Defendant to pay

21  all outstanding wages due to Plaintiffs and Class Members; an award of attorneys'

22  fees pursuant to California *Code of Civil Procedure* § 1021.5 and other applicable

23  law; and an award of costs.

24  **REQUEST FOR JURY TRIAL**

25      Plaintiffs, on behalf of themselves and on behalf of all others similarly

26  situated, request a trial by jury.

27

28

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

### As to the First Cause of Action

### (Unpaid Overtime)

1. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California *Labor Code* § 1194(a); and

4. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

### (Improper Wage Statements)

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For statutory penalties pursuant to California *Labor Code* § 226(e);

3. For reasonable costs and attorneys' fees pursuant to California *Labor Code* § 226(e); and

4. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

(Unpaid Missed Meal Breaks)

1.  For payments pursuant to California *Labor Code* § 226.7(b);

2.  For costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem appropriate.

As to the Fourth Cause of Action

(Unpaid Missed Rest Breaks)

1.  For payments pursuant to California *Labor Code* § 226.7(b);

2.  For costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

(Unlawful Deductions from Wages)

1.  For all actual, consequential, and incidental losses and damages, according to proof;

2.  For costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem appropriate.

As to the Sixth Cause of Action

(Unpaid Business-Related Expenses)

1.  For all actual, consequential, and incidental losses and damages, according to proof;

2.  For costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem appropriate.

As to the Seventh Cause of Action

(Unlawful Paying of a Lower Wage)

1.  For general unpaid wages and such general and special damages as may be appropriate; and

2.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

(Wages Not Paid Upon Termination)

1.  For statutory penalties pursuant to California *Labor Code* § 203 for Plaintiff and all other Class Members who have left Defendant's employ;

2.  For reasonable attorneys' fees and for costs of suit incurred herein; and

3.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Ninth Cause of Action</u>

(Unpaid Minimum Wages)

1.  For general unpaid wages at minimum wage rates and such general and special damages as may be appropriate.

2.  For pre-judgment interest on any unpaid minimum wage compensation from the date such amounts were due;

3.  For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California Labor Code § 1194.2.

4.  For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

5.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Tenth Cause of Action</u>

(Unfair Competition)

1.  For disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

2.  For restitution of "unpaid wages" to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

3.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California *Business & Professions Code* § 17200, *et seq.*;

4.  For reasonable attorneys' fees that Plaintiff and other Class Members are entitled to recover under California CODE CIV. PRO. § 1021.5;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court may deem equitable and appropriate.

Dated:  March 29, 2010                              Respectfully Submitted,


                                        By: /s/ Noelle Shanahan Cutts
                                            Noelle Shanahan Cutts
                                            KAWAHITO & SHRAGA LLP
                                            Attorneys for Plaintiff/Class Members

Name & Address:
James Kawahito (SBN 234851)
Email: james@kawahitoshraga.com
Kawahito & Shraga LLP
11845 W. Olympic Boulevard, Suite 665
Los Angeles, CA 90064
Telephone: (310) 746-5300, (310) 593-2520

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, et al., <br><br> PLAINTIFF(S) <br> v. <br> JP MORGAN CHASE BANK, N.A., et al., <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> SACV 09-918 JVS <br><br> NOTICE OF MANUAL FILING |

PLEASE TAKE NOTICE:

  The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Document Description:**

- ☐   Administrative Record
- ☐   Exhibits
- ☐   Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]
- ☑   Other   FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Reason:**

- ☐   Under Seal
- ☐   Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)
- ☐   Electronic versions are not available to filer
- ☑   Per Court order dated  March 30, 2010
- ☐   Manual Filing required (*reason*):

| | |
|---|---|
| April 5, 2010 <br> Date | /s/ James Kawahito <br> Attorney Name <br><br> Plaintiff Gail Christiansen and Class Members <br> Party Represented |

Note: File one Notice in each case, each time you manually file document(s).

# Notices

8:09-cv-00918-JVS-RNB Roy Kaminske v. JP Morgan Chase Bank N A et al (RNBx), CONSOL, DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Kawahito, James on 4/5/2010 at 12:35 PM PDT and filed on 4/5/2010

**Case Name:**        Roy Kaminske v. JP Morgan Chase Bank N A et al
**Case Number:**    8:09-cv-00918-JVS-RNB
**Filer:**               Gail Christiansen
**Document Number:** 37

**Docket Text:**
**NOTICE of Manual Filing filed by Consol Plaintiff Gail Christiansen of FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT. (Kawahito, James)**

**8:09-cv-00918-JVS-RNB Notice has been electronically mailed to:**

Aarin A Zeif      aarin@wageandhourlaw.com

Carrie A Gonell      cgonell@morganlewis.com, pmartin@morganlewis.com

David R Shraga      david@kawahitoshraga.com

James K Kawahito      james@kawahitoshraga.com

Jennifer E White-Sperling      jwhite-sperling@morganlewis.com, mcalvert@morganlewis.com

Michael A Gould      michael@wageandhourlaw.com

Michelle Anne Griffith-Jones      mgriffithjones@morganlewis.com

Richard A Jones      laurie@ricjoneslegal.com

Shawn Charles Westrick      shawn@kawahitoshraga.com

**8:09-cv-00918-JVS-RNB Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** \\nas\KSDocuments\1- Cases\Christiansen v. JP Morgan\Pleadings\2010 4.5 Notice of Manual Filing.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/5/2010] [FileNumber=9476616-0]
[0c61dcb4cee715c132612ba786368f6475d601d44158e393eda23250774c8864ad1ef
6f5939255609029fa0f4aa227f92635d8f588347d463d613fe6040389dd]]