| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | JS-6 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY KAMINSKE, et al., | Case No. **SACV09-918 JVS (RNBx)\*\*** |
| Plaintiffs, | Consolidated with CV09-6352 JVS (RNBx) and CV10-01343 JVS(RNBx) |
| vs. | |
| JPMORGAN CHASE BANK, N.A., et al., | **JUDGMENT DISMISSING CASE** |
| Defendants. | |

# JUDGMENT DISMISSING CASE

On January 30, 2012, the Court heard a Joint Motion for Final Approval of Class Action Settlement by Roy Kaminske, Alison Schellenberg, Gail Christiansen, and Ricardo Corbera (collectively referred to as "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). The Court has considered the Joint Motion and all supporting papers, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this order (the "Final Approval Order") will have the same meaning as defined in the parties' Joint Stipulation of Class Action Settlement.

2. The Court has jurisdiction over the subject matter of this action, the Class Representatives, the Settlement Class Members, and JPMorgan Chase.

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Joint Stipulation of Class Action Settlement.

4. The Court finds that there were no written objections to the Settlement.

5. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the

Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

6. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23.

7. The Final Approval Order shall not be cited in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

8. This Litigation is dismissed on the merits with prejudice, permanently barring the Class Representatives and all other Settlement Class Members from prosecuting Released Claims.

9. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $3,000,000 for attorneys' fees, and $123,061.08 for reimbursement of litigation costs and expenses, which the court finds were reasonably incurred in prosecution of this case. The Court further finds that the agreement between the Settling Parties concerning Class Counsel's fee and expense application is fair and reasonable.

10. The enhancement awards for the four Class Representatives in an amount not to exceed $15,000 each for a total of $60,000 are approved to reimburse them for their unique services in initiating and maintaining this litigation.

11. The Court shall have exclusive and continuing jurisdiction over this Litigation for the purposes of supervising the implementation, enforcement,

construction, construction, administration and interpretation of the Joint Stipulation of Class Action Settlement and this Final Approval Order.

12. The Settlement is not an admission by JPMorgan Chase nor is this Final Approval Order a finding of the validity of any claims in the Litigation or any wrongdoing by JPMorgan Chase. In addition, the Settlement is not an admission nor is this Final Approval Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present Litigation.

13. The Parties are ordered to carry out the Settlement as provided in the Joint Stipulation of Class Action Settlement.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

15. Upon entry of this Order, Plaintiffs and the Settlement Class Members shall be deemed to have released the Released Claims, which are defined as any and all claims, obligations, demands, actions, rights, causes of action, and liabilities (including, without limitation, state statutory and common law claims) against JPMorgan Chase and JPMorgan Chase Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims, by any employee in a Covered Position that are or were asserted or are reasonably related to the claims asserted in the Litigation, including, but not limited to, claims relating to: (a) failure to pay overtime wages; (b) failure to pay minimum wages; (c) failure to pay final wages on termination; (d) failure to provide accurate itemized wage statements; (e) failure to pay missed meal and rest period premiums; (f) unlawful payment of a lower wage; (g) unpaid business-related expenses; (h) unlawful deductions from wages; (i) failure to pay vacation wages; and (j) penalties (including civil and statutory penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation

1    costs, restitution, equitable relief, or additional damages which allegedly arise from
2    the claims described in (a) through (i) above under any applicable law.

3    16.   The release specifically includes Released State and Federal Statutory
4    Claims, as defined below.

5    17.   "Released Common Law and/or Equitable Claims" means any and all
6    common law or equitable claims, under any theory whatsoever, to the extent that
7    such claims arise out of the alleged facts, circumstances, and occurrences
8    underlying the allegations as set forth in the Named Plaintiffs' Complaint or in any
9    Amended Complaint filed in the Litigation.

10   18.   "Released State and Federal Statutory Claims" means any and all
11   claims arising under the Fair Labor Standards Act; the California Labor Code,
12   including, without limitation, §§ 201-204, 221-223, 226, 226.7, 227.3, 400-410,
13   510, 512, 1194, 1197, 1197.1, 1198, 2699, 2800, 2802; and the California Business
14   & Professions Code § 17200 et seq., to the extent that such claims arise out of the
15   alleged facts, circumstances, and occurrences underlying the allegations as set forth
16   in the Named Plaintiffs' Complaint or in any Amended Complaint filed in the
17   Litigation. Only those Class Members who are Participating Claimants will be
18   considered to have waived any claims under the FLSA.

19   19.   "Unknown Claims" means any Released Claims which the Class
20   Representatives or any Settlement Class Member (including all Participating
21   Claimants) does not know or suspect to exist in his or her favor at the time of the
22   time of the release, and which, if known by him or her might have affected his or
23   her decision to settle with and release of the JPMorgan Chase Releasees, or might
24   have affected his or her decision to opt out of the Class or to object to this
25   settlement.  With respect to any and all claims being released, the Settling Parties
26   stipulate and agree that, upon the Effective Date, the Class Representatives shall
27
28

have expressly, knowingly, and intentionally waived for themselves and, by operation of the Judgment, each of the Settlement Class Members shall be deemed to have waived the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims, including without limitation any applicable benefits or rights under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, likewise waived all such benefits and rights.  The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and each Settlement Class Member (including all Participating Claimants), upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives acknowledge the significance and consequence of this waiver, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged the consequence and significance and assume full responsibility for any loss that may be incurred by reason of such waiver.  The Class Representatives further acknowledge, and the

Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**IT IS SO ORDERED.**

Dated: March 27, 2012

_____
Hon. James V. Selna
U.S. District Judge